UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JANE SMITH, MARY DOE                    :

                                                                                                      21-CV-01715 (RA)(OTW)
                                                                                                      [rel. 1:17-cv-07954 (RA)(OTW)]

           Plaintiffs,                        :        **STIPULATION OF**
   -against-                            :        **CONFIDENTIALITY &**
                                                                                                        **PROTECTIVE ORDER**

ANTHONY J. ANNUCCI, Acting
Commissioner of the New York State         :
Department of Corrections and Community
Supervision, *et al.*,                     :

           Defendants.                         :
------------------------------------------------------X

       WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain personal or confidential information.

       IT IS HEREBY STIPULATED AND AGREED that:

       1.       The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

       2.       Defendants may designate as confidential ("Confidential Material") documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety,

security or good order, or which contain information that is confidential under state or federal law.

3. Defendants may further designate as "Attorney's Eyes Only" documents in the following categories.

a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, any inmate in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counselings;

d. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

e. All DOCCS training materials that refer to or concern correctional, community supervision or institutional safety, security, or good order;

f. Any other records that Defendants or DOCCS believe would compromise the

safety or security of a DOCCS facility or office if disclosed to an inmate in the custody of DOCCS and/or the general public;

   g. Documents that contain impressions, opinions and/or conclusions of DOCCS staff, or that contain information concerning persons other than Plaintiffs.

   h. Any information of a personal or intimate nature regarding any individual.

4. All transcripts of depositions taken in this Action will be treated as Confidential Material and Attorney's Eyes Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes Only any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraphs 2 or 3 herein, and such designation must be provided to Plaintiffs' counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes Only.

5. An inadvertent failure to designate Confidential or Attorney's Eyes Only material may be corrected by supplemental written notice given as soon as practicable.

6. To the extent Plaintiffs' counsel obtained copies of documents described in paragraph 2 or 3 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes Only.

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only of

personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee, inmate, or other person who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

8. Confidential and Attorney's Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

9. A party receiving documents or information designated by another party as Confidential and/or Attorney's Eyes Only reserves the right to make an application to the Court on notice challenging the designation in whole or part of any document or information provided that such application is made within thirty days of receipt of said designated material. Prior to making such application, counsel shall in good faith attempt to resolve any dispute. If an application to the Court is made, the Court's procedures for resolving discovery disputes shall be followed. Material designated as Confidential and/or Attorney's Eyes Only shall be treated as such until either the parties agree or the Court rules otherwise.

10. Except as otherwise provided in this Stipulation and Protective Order, access to Confidential Material and Attorney's Eyes Only material shall be limited to:

    a. Attorneys for Plaintiffs;

    b. Defendants and attorneys for Defendants;

    c. Employees and independent contractors of the respective attorneys for

Plaintiffs or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

      d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

      e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

      f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiffs or Defendants; and

      g. The Court, including court personnel.

      h. As for Confidential Material _only_, counsel for Plaintiffs may allow Plaintiffs to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiffs shall not retain copies of Confidential Material. As for Attorney's Eyes Only material, Plaintiffs' counsel may _not_ show or provide copies of Attorney's Eyes Only material to Plaintiffs, nor may they discuss Attorneys' Eyes Only Material with Plaintiffs.

    11. Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiffs' counsel, provided, however, that, in the event that Plaintiffs' counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiffs' counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers

the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

12. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Attorney's Eyes Only material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, <u>including</u> the Plaintiffs.

13. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, <u>except</u> the Plaintiffs. Disclosure of Confidential material to the Plaintiffs shall be subject to paragraph 10.h above.

14. No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

15. The Confidential or Attorney's Eyes Only material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of such Confidential or Attorney's Eyes Only material.

16. If Plaintiffs' attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorney's Eyes Only material (as defined in this Stipulation and Protective Order), unless Defendants' attorneys consent in writing otherwise, Plaintiffs' attorneys shall request or move the Court to direct that such documents be filed under seal, following the

Court's rules, procedures, and practices for making such a request or motion.

17. All papers directed by the Court to be filed under seal in accordance with paragraph 16 above, shall be filed in accordance with the Sealed Records Filing instructions of the United States District Court for the Southern District of New York and the Court's individual rules and practices, if any.

18. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

19. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

20. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiffs' counsel shall either return to Defendants' counsel all Confidential or Attorney's Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such material has been destroyed.

Notwithstanding the foregoing, Plaintiffs' counsel may retain (1) attorney work product that refers to or relates to Confidential or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal.  Any retained Confidential or Attorney's Eyes Only material will continue to be protected by this Stipulation and Protective Order.

21. Within sixty (60) days of the conclusion of this Action, Plaintiffs' counsel shall seek to retrieve from the Court's file any Confidential or Attorney's Eyes Only material filed in Court and, unless the Court denies the application, shall either return such Confidential or Attorney's Eyes Only material to Defendants' counsel within (60) days of retrieval or shall notify Defendant's counsel in writing that all such Confidential or Attorney's Eyes Only material has been destroyed.

22. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 and 3 herein.

23. Recognizing the Court's February 24, 2021 and July 15, 2021 Orders on plaintiffs' motions for leave to proceed anonymously (ECF Nos. 81-1 & 84—together, the "Protective Orders") that prohibit the defendants and their legal counsel from "disclosing to a third party the names of Plaintiff or the officers alleged to have engaged in the sexual abuse of or retaliation against [the respective plaintiffs] or of the staff described" in the Complaint and Amended Complaint, "apart from the supervisory Defendants identified by name in the caption in this case," but understanding that in order to facilitate  discovery in furtherance of this litigation such disclosures to third-parties employed by DOCCS may be necessary, Counsel for defendants, prior to disclosing such information to a DOCCS third party will require that DOCCS third party to

execute an undertaking acknowledging the February 24, 2021 and July 15, 2021 Orders (the "Undertaking"). To the extent any DOCCS third parties need to disclose information protected under the Protective Orders, those additional third parties must also sign the Undertaking. In no event shall any Defendant or third party disclose information protected by the Protective Orders to someone who has not signed the Undertaking, and in all events disclosure of such information must be necessary to obtaining materials in furtherance of discovery. Counsel for defendants shall be required to maintain this signed undertaking, annexed hereto, until the conclusion of this Action, including Appeals.

| | |
|---|---|
| Dated:  New York, New York<br>September 20, 2021 | New York, New York<br>September 20, 2021 |
| LETITIA JAMES<br>Attorney General of the State<br>of New York | CRAVATH, SWAINE & MOORE LLP |
| _/s/ Neil Shevlin_____<br>Neil Shevlin, Esq.<br>Assistant Attorney General<br>28 Liberty Street, 18th Fl.<br>New York, New York 10005<br>(212) 416-8561<br>Neil.Shevlin@ag.ny.gov | _/s/ David M. Stuart_____<br>David M. Stuart, Esq.<br>825 Eighth Avenue<br>New York, New York 10019<br>(212) 474-1000<br>dstuart@cravath.com |

SO ORDERED:

Dated:  September 23, 2021

_____
HON. ONA T. WANG
United States Magistrate Judge New York, New York

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>Smith & Doe v. Annucci</u>, 21-Civ-01715 (RA)(OTW), currently pending in the United States District Court for the Southern District of New York.  I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and Attorney's Eyes Only Material, including but not limited to any notes or other transcriptions made of Confidential and Attorney's Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____                    _____
                                         SIGNATURE

                                         _____
                                         PRINT NAME

                                         _____

                                         _____
                                         ADDRESS

                                         _____

TELEPHONE NUMBER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JANE SMITH, MARY DOE                            :

                                        21-CV-01715 (RA)(OTW)

        Plaintiffs,                                           :

    -against-                                                :          **UNDERTAKING**

ANTHONY J. ANNUCCI, Acting
Commissioner of the New York State
Department of Corrections and Community     :
Supervision, *et al.*,                                      :

        Defendants.                                         :
-------------------------------------------------------X

      I hereby acknowledge that the Office of the New York State Attorney General has made me aware of the Court's Orders, dated February 24, 2021 and July 15, 2021 (ECF Nos. 81-1 & 84) (together, the "Protective Orders"), that prohibit the defendants in this case and their legal counsel from "disclosing to a third party the names of Plaintiff or the officers alleged to have engaged in the sexual abuse of or retaliation against [the respective plaintiffs] or of the staff described" in the Complaint and Amended Complaint, "apart from the supervisory Defendants identified by name in the caption in this case." By signing this disclosure, I undertake that I will not disclose any information protected by the Protective Orders to anyone who has not signed a copy of this Undertaking. I further agree to limit any disclosure of materials or information protected by the Protective Orders to information that is necessary to obtain relevant documents or information in furtherance of discovery in this matter.

Dated: _____     _____
                           SIGNATURE

                           _____
                           PRINT NAME

                           _____

                           _____
                           ADDRESS

                           _____
                           TELEPHONE NUMBER