# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA | | |
|---|---|---|---|---|
| JOHN W. WHITE | ANTONY L. RYAN | 825 EIGHTH AVENUE | DAVID J. PERKINS | LAUREN M. ROSENBERG |
| EVAN R. CHESLER | GEORGE E. ZOBITZ | NEW YORK, NY 10019-7475 | J. LEONARD TETI, II | MICHAEL L. ARNOLD |
| STEPHEN L. GORDON | GEORGE A. STEPHANAKIS | | D. SCOTT BENNETT | HEATHER A. BENJAMIN |
| ROBERT H. BARON | DARIN P. MCATEE | TELEPHONE: +1-212-474-1000 | TING S. CHEN | MATTHEW J. BOBBY |
| DAVID MERCADO | GARY A. BORNSTEIN | FACSIMILE: +1-212-474-3700 | CHRISTOPHER K. FARGO | DANIEL J. CERQUEIRA |
| CHRISTINE A. VARNEY | TIMOTHY G. CAMERON | | DAVID M. STUART | ALEXANDRA C. DENNING |
| PETER T. BARBUR | KARIN A. DEMASI | | AARON M. GRUBER | HELAM GEBREMARIAM |
| MICHAEL S. GOLDMAN | DAVID S. FINKELSTEIN | | O. KEITH HALLAM, III | MATTHEW G. JONES |
| RICHARD HALL | RACHEL G. SKAISTIS | CITYPOINT | OMID H. NASAB | MATTHEW W. KELLY |
| JULIE A. NORTH | PAUL H. ZUMBRO | ONE ROPEMAKER STREET | DAMARIS HERNÁNDEZ | DAVID H. KORN |
| ANDREW W. NEEDHAM | ERIC W. HILFERS | LONDON EC2Y 9HR | JONATHAN J. KATZ | BRITTANY L. SUKIENNIK |
| STEPHEN L. BURNS | GEORGE F. SCHOEN | TELEPHONE: +44-20-7453-1000 | DAVID L. PORTILLA | ANDREW M. WARK |
| KATHERINE B. FORREST | ERIK R. TAVZEL | FACSIMILE: +44-20-7860-1150 | RORY A. LERARIS | |
| KEITH R. HUMMEL | CRAIG F. ARCELLA | | MARGARET T. SEGALL | |
| DAVID J. KAPPOS | LAUREN ANGELILLI | | NICHOLAS A. DORSEY | |
| DANIEL SLIFKIN | TATIANA LAPUSHCHIK | WRITER'S DIRECT DIAL NUMBER | ANDREW C. ELKEN | PARTNER EMERITUS |
| ROBERT I. TOWNSEND, III | ALYSSA K. CAPLES | +1-212-474-1519 | JENNY HOCHENBERG | SAMUEL C. BUTLER |
| PHILIP J. BOECKMAN | JENNIFER S. CONWAY | | VANESSA A. LAVELY | |
| RONALD E. CREAMER JR. | MINH VAN NGO | | G.J. LIGELIS JR. | |
| WILLIAM V. FOGG | KEVIN J. ORSINI | WRITER'S EMAIL ADDRESS | MICHAEL E. MARIANI | |
| FAIZA J. SAEED | MATTHEW MORREALE | DStuart@cravath.com | LAUREN R. KENNEDY | OF COUNSEL |
| RICHARD J. STARK | JOHN D. BURETTA | | SASHA ROSENTHAL-LARREA | MICHAEL L. SCHLER |
| THOMAS E. DUNN | J. WESLEY EARNHARDT | | ALLISON M. WEIN | CHRISTOPHER J. KELLY |
| MARK I. GREENE | YONATAN EVEN | | MICHAEL P. ADDIS | KIMBERLEY S. DREXLER |
| DAVID R. MARRIOTT | BENJAMIN GRUENSTEIN | | JUSTIN C. CLARKE | NICOLE F. FOSTER |
| MICHAEL A. PASKIN | JOSEPH D. ZAVAGLIA | | SHARONMOYEE GOSWAMI | LILLIAN S. GROSSBARD |
| ANDREW J. PITTS | STEPHEN M. KESSING | | C. DANIEL HAAREN | KIMBERLY A. GROUSSET |
| MICHAEL T. REYNOLDS | LAUREN A. MOSKOWITZ | | EVAN MEHRAN NORRIS | ANDREI HARASYMIAK |

November 19, 2021

<u>Smith et al. v. Annucci et al.</u><br>
1:21-cv-01715-RA [rel. 1:17-cv-07954-RA-OTW]

Dear Judge Wang:

We submit this joint status letter in accordance with this Court's October 28, 2021 Order. Below we address the status of: (1) Defendants' response to the July 9, 2021 Amended Complaint; and (2) Defendants' document production in response to Plaintiffs' July 30, 2021 requests for production.

### Background

The Complaint in this case was filed about nine months ago on February 26, 2021, and the Amended Complaint was filed on July 9, 2021. Defendants have not yet answered or moved to dismiss because the Office of Special Investigations ("OSI") of the New York State Department of Corrections and Community Supervision ("DOCCS") has not completed its investigation of Plaintiffs' allegations (most of which were first made two and a half years ago). Plaintiffs have consented to several requests for additional time to move or answer, most recently on October 6, 2021. (*See* ECF No. 106.) The OAG has reported to Plaintiffs' counsel that, as of the date of this letter, OSI still has not finished its investigation into Plaintiffs' allegations and reports that the investigation will not be completed until the end of November, at which time, the OAG will require an additional four weeks to complete its representational analysis.

Defendants agreed to begin on September 30, 2021, a rolling production of documents responsive to ten "priority" document requests. These document requests include, among other things, records related to the investigation of Plaintiff Smith's 2019 allegations of rape and sexual assault, audiotape recordings of Plaintiff Smith's disciplinary hearings and records of the Defendants' assigned posts. Since that time, Defendants have produced 33 documents to Plaintiffs, including 12 documents reflecting general DOCCS policies and procedures, 15 training logs for some Defendants, a copy of the Prison Rape Elimination Act

standards and a publicly available contract between New York State and the correctional officers' union. The remaining four documents are reports of OSI investigations, none of which relate to Plaintiffs' allegations of their rape and sexual assault.

### Plaintiffs' Position

The pace and substance of Defendants' investigation and document productions have been inadequate. While the parties agreed that Defendants would begin rolling productions of documents responsive to Plaintiffs' discovery requests more than six weeks ago, including "meaningful production of documents *specific to the allegations in this case*" (*see* ECF Nos. 94, 106-1 Ex. A (emphasis added)), Defendants have not produced any of the basic documentation related to the core allegations in the case. Defendants' failure to produce is not because these documents do not exist. For example, we know that there are 12 documents related to allegations of sexual assault against Defendant Sergeant B because DOCCS has disclosed this in response to a FOIL request Plaintiffs made before filing the Amended Complaint. Plaintiffs also believe based on representations from the OAG that DOCCS has documents prepared in 2019 related to the investigation of Plaintiff Smith's 2019 rape allegations, which should be readily producible.

In addition to withholding core responsive documents, Defendants have produced some materials with improper redactions. In particular, Defendants produced two OSI Investigative Reports concerning allegations of sexual abuse and harassment against inmates with the names of the victims redacted. In a November 17 meet-and-confer, the OAG explained that the OAG did not view the name of the inmates as relevant to Plaintiffs' claims.

A party is generally not allowed "to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" *Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (quoting *Cyris Jewels v. Casner*, No. 12-CV-01895, 2016 WL 2962203, at *4 (E.D.N.Y. May 20, 2016)). Rather, a party wishing to redact information from otherwise responsive documents must show "good cause". *Trellian Pty, Ltd. v. adMarketplace, Inc.*, No. 19 Civ. 5939, 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021). Defendants have not and cannot make such a showing.

In any event, the identities of inmates at Bedford Hills Correctional Facility who have alleged sexual abuse or harassment by prison staff are relevant to the claims in this action, which concern the prevalence and disregard for sexual abuse on inmates by prison staff at Bedford Hills. Relevance, for purposes of discovery, "is an extremely broad concept". *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, No. 16-CV-02791, 2018 WL 1891116, at *1 (S.D.N.Y. Apr. 3, 2018) (quoting *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CIV-7488, 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017)). Plaintiffs need to be able to investigate allegations similar to those in this case in order to assess the volume of credible complaints, who within Bedford Hills was aware of the complaints, whether remedial action was or should have been taken and the adequacy of the investigations undertaken by DOCCS and/or OSI. This information is also relevant to whether there are additional witnesses to the incidents at issue in this case and/or additional plaintiffs who may wish to join this action. To the extent Defendants are concerned about these inmates' privacy, a confidentiality order is in place to protect such

information. *See Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018). Therefore, Defendants should be required to produce responsive documents without redactions on relevance grounds.

For these reasons, Plaintiffs respectfully request an Order requiring the OAG to: (1) complete its representational analysis by December 31, 2021 and to respond to the Amended Complaint 30 days thereafter for any additional Defendants that the OAG determines it can represent, in accordance with this Court's Order dated August 23, 2021 (ECF No. 95); (2) re-produce the Investigative Reports unredacted by November 26, 2021 and, going forward, produce all such documents without redacting inmates' names; and (3) produce (or otherwise respond to) the following requests, which were among Plaintiffs' priority requests, by December 17, 2021: (i) records related to allegations of sexual assault against Defendant Sergeant B; (ii) records (and supporting documentation) related to Plaintiff Smith's multiple 2019 allegations of rape and sexual assault and the investigation thereof; (iii) records of the Defendants' whereabouts and of the Defendants' assignments and assigned posts during the times of the incidents alleged in the Complaint; (iv) audiotape recording of the disciplinary hearings held on April 22, 2019 and April 30, 2019, related to an incident involving Plaintiff Smith dated April 9, 2019; (v) floor plans showing the locations where the incidents described in the Complaint took place and where cameras are placed; and (vi) records related to allegations of sexual misconduct against the non-supervisory Defendants.

### Defendants' Position

Plaintiffs have raised several issues in their portion of this joint letter, including: (i) the duration of OSI's investigations into the claims of the plaintiffs and defendants' response to the Amended Complaint; (ii) the pace and substance of DOCCS' production of documents responsive to plaintiffs' first set of requests for documents; and (iii) the alleged inappropriateness of this Office's redaction of the names of incarcerated individuals who were victims or witnesses to misconduct in documents produced to plaintiff. Defendants will respond in turn to each.

A. **The OSI Investigations & Defendants' Responses to the Amended Complaint**

With respect to the duration of the OSI investigation into the claims raised by the plaintiffs, plaintiffs are correct that it has taken OSI longer to complete these investigations than initially anticipated. However, that is not to say that OSI has been negligent in conducting these investigations. Any number of things can delay an investigation, such as the inability to interview necessary parties because they are out on sick leave. I have been in contact with OSI throughout this process and have been assured that they take the plaintiffs' allegations seriously and have actively been working to complete their investigations. I was most recently informed by OSI that it anticipates completing the investigations by the end of this month.

With respect to defendants' response to the Amended Complaint, this Office currently represents five of the supervisory defendants: Annucci, Effman, Maher, Nunez, and Shipley. It is

Case 1:21-cv-01715-RA-OTW   Document 111   Filed 11/19/21   Page 4 of 6

4

my intention to file responses on behalf of these defendants by November 30, 2021, consistent with the Court's October 12, 2021 Order to do so (ECF No. 107).[1]

The length of time I anticipate needing to respond to the Amended Complaint on behalf of the remaining defendants will depend on OSI's determinations. OAG's internal representational analysis can only begin once OSI issues its determinations. As I explained to opposing counsel during our last meet-and-confer, I have not yet spoken to these defendants because of ethical concerns based on the possibility that, if OSI substantiates the claims against them, it could result in a conflict-of-interest. If after OSI issues its closing reports, the OAG determines that it can represent the remaining defendants, then I will need time to confer with these individuals with respect to the claims against them and to then formulate a response. If the determination is made that the OAG cannot represent any of the defendants, these individuals will need time to retain counsel.

**B        The Pace and Substance of DOCCS' Response to Plaintiffs' Document Requests**

Defendants dispute plaintiffs' contention that the pace and substance of DOCCS' document production has been "inadequate." Plaintiffs' first set of document demands consists of forty-nine separate requests, some with sub-parts. Counsel's Office for DOCCS has been working diligently to retrieve and produce the requested materials. However, many of the requested documents are only available in paper format (as opposed to electronically) and, therefore, they have to be physically retrieved, reviewed, and then produced. In addition, not all of the documents are stored in DOCCS Central Office in Albany, which adds time to the process. In accordance with plaintiffs' requests, I have asked Counsel's Office to prioritize certain of the document demands, however, it has been explained to me by Counsel's Office that it can only produce the documents it itself receives, in the order in which they are received. While plaintiff's have expressed frustration at receiving documents they consider to be "publicly available," they have only themselves to blame since they requested these materials. I have been advised by Counsel's Office that they anticipate sending me the next round of documents by the end of the month.

Regarding plaintiffs' FOIL request pertaining to allegations of sexual assault against Defendant Sergeant B, DOCCS has provided me with the heavily redacted response it had intended to serve on plaintiffs. I requested an unredacted copy of these materials so that I can produce them in less-redacted form pursuant to the terms of the parties' Stipulation of Confidentiality and am waiting for those documents.

**C.       The Redaction of Certain Information**

As plaintiffs have alluded to in their portion of this letter, there are essentially three categories of responsive documents that I have served, and anticipate serving, in the future: (i) documents involving allegations of wrongdoing by Bedford Hills staff having nothing to do with sexual assault. For example, OSI investigations into claims of excessive force or harassment

---

[1] The Court's Order directed that all defendants respond to the Amended Complaint by November 30, 2021. However, for the reasons set forth in this joint letter, the Office of the Attorney Genera ("OAG") at this time can only respond on behalf of defendants Annucci, Effman, Maher, Nunez, and Shipley. As a result, it is requested that the time to respond for the remaining defendants be adjourned until a date to be set by the Court.

against staff. These documents have been provided to me because they implicate one of the plaintiffs as either the alleged victim or a witness; (ii) documents involving allegations of wrongdoing by Bedford Hills staff dealing with sexual assaults involving incarcerated individuals other than the plaintiffs; and (iii) documents involving plaintiffs' claims of sexual assault.

To date, DOCCS has only provided me with documents falling into the first and second category. Documents pertaining to the third category have not yet been produced to me because OSI has not yet closed its investigations into the plaintiffs' claims. My production has consisted of OSI closing reports or summary of closing reports as these are more readily available for production. In this week's meet-and-confer, I discussed with opposing counsel that for purposes of time, I was producing these closing reports/summaries to ascertain, in the first instance, if they wanted the entire file, which would take longer to produce. Counsel's response was that they want every single file for every single closing report/summary I have provided or will provide. I will obtain these files and review them for relevance and will discuss my findings with opposing counsel.

Defendants do not dispute the case law cited by plaintiffs concerning the impropriety of redacting information from otherwise "responsive and relevant" documents absent "good cause." Where we differ is whether the information I redacted – the names of inmates and inmate witnesses from OSI files either having nothing to do with sexual assault or involving allegations of sexual assault having nothing to do with the plaintiffs – is, in fact, responsive and relevant. Based on the allegations in the Amended Complaint, I do not believe it is.

According to plaintiffs, DOCCS staff have created a policy/custom encouraging or not preventing the sexual assault of female incarcerated individuals. In particular, at Bedford Hills Correctional Facility, staff, including the defendants herein, have been able to sexually assault female incarcerated individuals based on things such as the lack of surprise supervisory rounds, knowledge of locations throughout the facility lacking cameras, and the fact that male officers are assigned to supervise female incarcerated individuals one-to-one in isolated areas. See generally Amended Complaint. Plaintiffs also allege that certain of the defendants were notorious for having had sexual relationships with other inmates. See Amended Complaint, ¶¶ 63 and 70. Based on these allegations, what is "responsive and relevant" in this case is information pertaining to other acts of sexual assault at Bedford Hills, such as the identity of the officers alleged to have committed the sexual assaults, where in the facility the assaults took place, the frequency of supervisory rounds, and DOCCS' response to those allegations of sexual assault. Based on plaintiffs' own allegations, there is no reason to provide the names of other inmate victims or witnesses.

Moreover, without "just cause," the names of these victims and witnesses should not be produced. A valid concern expressed by DOCCS is that if incarcerated individuals find out that their identities are being made known as part of lawsuits not involving them, even with a stipulation of confidentiality in place, they will be reluctant to report allegations of wrongdoing in the future. Plaintiffs are familiar with these concerns, which is why they moved this Court to keep their names anonymous in the publicly filed version of their complaints.

Finally, defendants recognize that, in theory, it may not be appropriate to redact the names of inmates in the OSI files pertaining to plaintiffs' claims of sexual assault as those inmates may

have information critical for the prosecution of this case. However, as these files have not yet been produced to the OAG, I cannot comment on that at this time.

For all of the foregoing reasons, defendants respectfully request that this Court issue an Order: (i) permitting them to redact the names and identifying information of incarcerated individuals who were the victims of misconduct, or who were witnesses to such misconduct, not involving the allegations of the plaintiffs at issue in this case; (ii) directing the parties to file a joint status letter by December 13, 2021, addressing the status of the OSI investigations/representational issues as well as the production of documents responsive to plaintiffs' requests; and (iii) stay the date by which the remaining defendants are to respond to the Amended Complaint until after the OAG has had a chance to review OSI's determinations and the parties have submitted their joint status letter in which the OAG will propose a response time.

Respectfully,

*/s/ David M. Stuart*

David M. Stuart
Attorney for Plaintiffs

*/s/ Neil Shevlin*

Assistant Attorney General Neil Shevlin
Attorney for Defendants

The Honorable Ona T. Wang
  United States District Court for the Southern District of New York
    Daniel Patrick Moynihan United States Courthouse
      500 Pearl St., Room 20D
        New York, NY 10007

VIA CM/ECF