```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JANE SMITH, MARY DOE,                           :
                                                        21-CV-1715 (RA)(OTW)
                Plaintiffs,                     :
                                                        **ANSWER TO AMENDED COMPLAINT**
        -against-                               :       **ON BEHALF OF ANNUCCI &**
                                                        **EFFMAN**
ANTHONY J. ANNUCCI, *et. al.*,                  :

                Defendants.                     :
------------------------------------------------------X
```

Defendants Anthony Annucci, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), and Jason Effman, Associate Commissioner and PREA Coordinator for DOCCS ("defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, answer the Amended Complaint ("Complaint" or "Compl.") as follows[1]:

1. With respect to the allegations contained in the introductory paragraph on pp. 1-2, deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that plaintiffs set forth the parties they have sued herein, but deny any wrongdoing.

## NATURE OF THE ACTION

2. With respect to the allegations contained in paragraph 1 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny any wrongdoing.

3. With respect to the allegations contained in paragraph 2 of the Complaint, the statistics and studies cited speak for themselves and no response is necessary, to the extent a

---

[1] To date, the Office of the Attorney General only represents supervisory defendants Annucci, Effman, Shipley, Maher, and Nunez. This Answer is only being submitted on behalf of Annucci and Effman. Defendants Shipley, Maher, and Nunez are separately moving to dismiss the claims against them.

response is necessary, deny plaintiffs' characterization that there is an "astonishingly high rate of sexual abuse of women" by prison staff within DOCCS, and deny any wrongdoing.

4. With respect to the allegations contained in paragraph 3 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

5. With respect to the allegations contained in paragraph 4 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

6. With respect to the allegations contained in paragraph 5 of the Complaint, deny the allegations, but deny knowledge or information sufficient to from a belief as to the truth of the allegations concerning "DOCCS supervisors" and staff at Bedford Hills Correctional Facility.

7. Deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraphs 6-18 of the Complaint but deny any wrongdoing.

8. With respect to the allegations contained in paragraph 19 of the Complaint, plaintiffs are asserting legal claims and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

## PARTIES

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 20-21 of the Complaint but admit that at the time of the events at issue in this Complaint, plaintiffs were incarcerated by DOCCS at Bedford Hills Correctional Facility ("Bedford Hills").

10. Defendants admit the allegations contained in paragraph 22 of the Complaint, except deny that Annucci is responsible for enforcing policies. To the extent that plaintiffs assert that Commissioner Annucci is being sued in his individual capacity, this is a legal conclusion and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

11. Defendants admit the allegations contained in paragraph 23 of the Complaint. To the extent that plaintiffs assert that Associate Commissioner Effman is being sued in his individual capacity, this is a legal conclusion and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

12. With respect to the allegations contained in paragraphs 24-35 of the Complaint, admit that these individuals have been named as defendants in the instant action and no response is necessary. To the extent plaintiffs assert the legal capacity within which they are suing these named defendants, this is a legal conclusion and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

## JURISDICTION AND VENUE

13. Defendants deny that any response is required to the allegations asserted in paragraph 36 of the Complaint as they make assertions of law and consist of plaintiffs' characterization of the action, and respectfully refer any question of law contained therein to the Court. To the extent a response may be deemed required, Defendants admit that plaintiffs assert jurisdiction under the statutes cited but deny any wrongdoing.

14. Defendants deny that any response is required to the allegations asserted in paragraph 37 of the Complaint as they make assertions of law and consist of plaintiffs' characterization of the action, and respectfully refer any question of law contained therein to the Court. To the extent a response may be deemed required, defendants admit that plaintiffs assert venue under the statutes cited but deny any wrongdoing.

# RELEVANT FACTS

**A.     History of Sexual Abuse of Women Incarcerated in New York State Prisons**

15.     With respect to sub-heading "A" of the RELEVANT FACTS section, deny knowledge or information sufficient to form belief as to the truth of the allegations.

16.     Admit the allegations contained in paragraph 38 of the Complaint.

17.     With respect to the allegations contained in paragraph 39 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent plaintiffs cite to statistics or reports, those materials speak for themselves and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 40-41 of the Complaint.

19.     With respect to the allegations contained in paragraph 42 of the Complaint, no response is necessary as plaintiffs refer to two statutes and defendants refer to those statutes for the legislative intent supporting them.

20.     With respect to the allegations contained in paragraph 43 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     With respect to the allegations contained in paragraphs 44-45 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent plaintiffs cite to statistics/reports, those materials speak for themselves and no response is necessary, except that defendants deny any wrongdoing.

22.     With respect to the allegations contained in paragraphs 46-48 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the

extent plaintiffs cite to statistics/reports, those materials speak for themselves and no response is necessary, except that defendants deny any wrongdoing.

**B.** **Plaintiffs Were At High Risk of Sexual Assault Upon Entering BHCF**

23. With respect to sub-heading "B" of the RELEVANT FACTS section, deny the allegations.

24. With respect to the allegations contained in paragraphs 49-52 of the Complaint, the PREA statute, its standards, and legislative history speak for themselves and no response is necessary.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53-62 of the Complaint.

**C.** **Defendant Sergeant B Sexually Harassed Ms. Smith Throughout Her Time at BHCF**

26. With respect to sub-heading "C" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

27. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63-66 of the Complaint.

**D.** **Defendant Sergeant B Forced Ms. Doe to Perform Oral Sex**

28. With respect to sub-heading "D" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

29. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67-69 of the Complaint.

**E.** **Defendant Officer C Forced Ms. Smith to Perform Oral Sex on Him with the Help of Defendants Officer B and Officer A**

30. With respect to sub-heading "E" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

31. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70-84 of the Complaint.

**F. Defendant Officer C Was Allowed to Interact with Ms. Smith and Continued to Sexually Harass Her with the Knowledge of Defendants Velez, Captain A, Captain B, Lieutenant A, Grievance Supervisor A and Investigator A**

32. With respect to sub-heading "F" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

33. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85-97 of the Complaint.

**G. Defendant Officer D Sexually Assaulted Ms. Smith by Inserting Her Finer in Ms. Smith's Vagina in an Alleged Search for Contraband with the Help of Defendants Sergeant A and Unidentified Officer, Which Ms. Smith Reported to Her Prison Psychologist and Defendants Grievance Supervisor A and Investigator A.**

34. With respect to sub-heading "G" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

35. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 98-109 of the Complaint.

**H. Defendants Officer C and Sergeant B Raped Ms. Smith While She was Alone in the Medical Clinic, Which She Reported to her Prison Psychologist and in an Inmate Grievance**

36. With respect to sub-heading "H" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations.

37. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110-126 of the Complaint, except with respect to the letters referenced in paragraphs 120-124, the documents speak for themselves and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

**I.  Defendants Annucci, Effman, Kaplan, Daye and Velez Are Responsible for Preventing Sexual Abuse and Retaliatory Actions Against Victims at BHCF**

38. With respect to sub-heading "I" of the RELEVANT FACTS section, deny knowledge of information sufficient to form a belief as to the truth of the allegations, except deny that Annucci and Effman are responsible for preventing sexual abuse and retaliatory actions against victims of sexual abuse at BHCF.

39. With respect to the allegations contained in paragraph 127 of the Complaint, admit that defendant Annucci is responsible for enacting policies and procedures to protect the safety of incarcerated individuals in DOCCS but deny that he is responsible for the enforcement of those policies.

40. With respect to the allegations contained in paragraph 128 of the Complaint, the statute speaks for itself and no response is necessary but admit that Jason Effman is DOCCS' PREA Coordinator.

41. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraphs 129-130 of the Complaint.

**J.  Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye and Velez Were Aware of the Substantial Risks of Sexual Abuse to Female Prisoners in DOCCS Facilities and in BHCF in Particular**

42. With respect to the sub-heading "J" of the RELEVANT FACTS section, deny knowledge or information sufficient to form a belief as to the truth of the allegations and deny any wrongdoing.

43. With respect to the allegations contained in paragraphs 131-132 of the Complaint, the respective statutes speak for themselves.

44. With respect to the allegations contained in paragraph 133 of the Complaint, admit the allegations as to Annucci and Effman, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

45. With respect to the allegations contained in paragraph 134 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Annucci and Effman admit their awareness of PREA, but deny that any response is necessary as that statute speaks for itself in terms of the obligations it places on DOCCS.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint but deny that "sexual assault and exploitation in DOCCS facilities, and in BHCF in particular, is rampant."

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint but deny that there is a "persistent" and "prevalent" problem at BHCF of incarcerated individuals being sexually harassed, exploited, and assaulted. With respect to the specific examples cited by plaintiffs of officers at BHCF who have been arrested and have had criminal charges brought against them, Annucci and Effman admit, generally, that certain officers have had criminal charges brought against them for sexually assaulting incarcerated individuals at BHCF, but with respect to the specific examples listed by the plaintiffs, refer to the articles cited by plaintiffs and to the public record.

49. With respect to the allegations contained in paragraph 138 of the Complaint, admit that Annucci and Effman have been sued in several lawsuits, but refer to those lawsuits for the allegations contained therein and for the nature of the relief sought. With respect to the

specific cases cited by plaintiffs, those are matters of public record and no response is necessary. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted against defendants Maher, Nunez, Shipley, Kaplan, Daye, and Velez.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint, except with respect to the specific lawsuits cited by plaintiffs, those are matters of public record and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

**K. Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye and Velez Failed to Enact Supervisory Policies that Would Prevent Sexual Abuse by DOCCS Staff, and Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye, Velez, Captain A, Captain B, Lieutenant A, Sergeant A and Sergeant B Failed to Enforce Existing Policies**

53. With respect to sub-heading "K" of the RELEVANT FACTS section, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

54. With respect to the allegations contained in paragraphs 142-146, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

55. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint.

56. With respect to the allegations contained in paragraphs 148-155 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

57. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Complaint.

58. With respect to the allegations contained in paragraph 157 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

59. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint.

60. With respect to the allegations contained in paragraph 159 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

61. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the Complaint.

62. With respect to the allegations contained in paragraph 161 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

63. Deny knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Complaint but deny any wrongdoing.

64. With respect to the allegations contained in paragraph 163 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

65. With respect to the allegations contained in paragraph 164 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

66. With respect to the allegations contained in paragraph 165 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

67. With respect to the allegations contained in paragraph 166 of the Complaint, deny the allegations as to defendants Annucci and Effman, but deny knowledge of information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

68. Deny the allegations contained in paragraph 167 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 168-171.

70. Deny the allegations contained in paragraph 172 of the Complaint as to Annucci and Effman but deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the other defendants.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 173-175 of the Complaint.

72. With respect to the allegations contained in paragraphs 176-177 of the Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to facility-specific round schedules, except deny any wrongdoing.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 178-179 of the Complaint.

**FIRST CLAIM FOR RELIEFAGAINST DEFENDANTS OFFICER C, OFFICER D, UNIDENTIFIED OFFICER AND SERGEANT B**

**EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**-Cruel and Unusual Punishment-**

74. As to the allegations contained in paragraph 180 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-179, as if more fully set forth herein.

75. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 181-189 of the Complaint, except to the extent plaintiffs are raising legal arguments to which no response is necessary.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS VELEZ, CAPTAIN A, CAPTAIN B, SERGEANT A, LIEUTENANT A, OFFICER A, OFFICER B, GRIEVANCE SUPERVISOR A, INESTIGATOR A AND UNIDENTIFIED OFFICER**

**EIGHT AND FOURTEETH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**-Failure to Protect-**

76. As to the allegations contained in paragraph 190 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-189, as if more fully set forth herein.

77. With respect to the allegations contained in paragraphs 191-192 of the Complaint, admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the term "staff" and "contractual staff."

78. With respect to the allegations contained in paragraphs 193-195 of the Complaint, plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, deny as to defendants Annucci and Effman but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

## THIRD CLAIM FOR RELIEF AGAINST OFFICER E

## EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
-Failure to Protect-

79. As to the allegations contained in paragraph 196 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-195, as if more fully set forth herein.

80. With respect to the allegations contained in paragraphs 197-198 of the Complaint, admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the term "staff" and "contractual staff."

81. With respect to the allegations contained in paragraphs 199-201 of the Complaint, plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants, but deny and wrongdoing.

## FOURTH CLAIM FOR RELIEF AGAINST SUPERVISORY DEFENDANTS ANNUCCI, EFFMAN, NUNEZ, KAPLAN, MAHER, SHIPLEY, DAYE AND VELEZ

## EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
-Failure to Implement Policies and Practices to Avoid Violations of Constitutional Rights and Failure to Train/Supervise Employees-

82. As to the allegations contained in paragraph 202 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-201, as if more fully set forth herein.

83. With respect to the allegations contained in paragraphs 203-204 of the Complaint, deny as to defendants Annucci and Effman, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the Complaint.

85. With respect to the allegations contained in paragraphs 206 of the Complaint, deny as to defendants Annucci and Effman, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 207-208 of the Complaint.

87. With respect to the allegations contained in paragraphs 209 of the Complaint, deny as to defendants Annucci and Effman, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

88. With respect to the allegations contained in paragraphs 210 of the Complaint, plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, deny as to Annucci and Effman, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

89. With respect to the allegations contained in the paragraph captioned "PRAYER FOR RELIEF," defendants admit that plaintiffs summarize their legal arguments, deny that there is any basis for this action, deny that plaintiffs are entitled to such damages and relief, and deny any alleged wrongdoing.

## **DEFENSES**

### **AS AND FOR A FIRST DEFENSE**

90. The Complaint fails to state a claim or allege sufficient facts for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

91. If any losses or damages were sustained by plaintiffs, which assumption is expressly denied, then all such losses or damages have been caused and brought about by plaintiffs' own fault, neglect, negligence, lack of care, inattention, poor judgment and culpable conduct, without similar acts of the defendant having contributed thereto, and as a consequence of the foregoing, the Complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to plaintiffs' contributing and participating negligence and fault.

**AS AND FOR A THIRD DEFENSE**

92. The alleged conduct was properly within the discretionary authority committed to defendants to perform their official function, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

**AS AND FOR A FOURTH DEFENSE**

93. The defendants at no time acted willfully or in malicious disregard of plaintiffs' constitutional rights. As such, plaintiffs are not entitled to punitive damages or other relief.

**AS AND FOR A FIFTH DEFENSE**

94. Defendants are not personally responsible for, or involved in, any acts of commission, or omission alleged by plaintiffs, and cannot be held responsible for any agents, servants, employees, or co-workers.

**AS AND FOR A SIXTH DEFENSE**

95. The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendants are not responsible.

### AS AND FOR A SEVENTH DEFENSE

96. In light of possible parallel proceedings, plaintiffs' claims may ultimately be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR AN EIGHTH DEFENSE

97. Defendants have Qualified Immunity in that their conduct did not violate clearly established law or it was objectively reasonable for persons in their position to believe that their conduct did not violate clearly established law.

### AS AND FOR A NINTH DEFENSE

98. On information and belief, plaintiffs have failed to exhaust some of their claims in this case and, therefore, those claims are barred by 42 U.S.C. § 1997e(a).

### AS AND FOR A TENTH DEFENSE

99. Certain of plaintiffs' claims are barred by the applicable Statutes of Limitations and/or application of the doctrine of laches.

### AS AND FOR AN ELEVENTH DEFENSE

100. To the extent that plaintiffs seek damages from defendants in their official capacity, defendants have sovereign and Eleventh Amendment immunity.

### JURY TRIAL DEMANDED

101. Defendants demand a jury trial.

Dated: New York, New York
     November 30, 2021

                LETITIA JAMES
                Attorney General of the
                 State of New York
                Attorney for Defendants Annucci & Effman
                By:

                /s/ Neil Shevlin_____
                NEIL SHEVLIN

Assistant Attorney General
28 Liberty Street- 18th Floor
New York, New York 10005
Neil.Shevlin@ag.ny.gov
(212) 416-8561