**CRAVATH, SWAINE & MOORE LLP**

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1519

WRITER'S EMAIL ADDRESS
DStuart@cravath.com

December 13, 2021

*Smith et al. v. Annucci et al.*
1:21-cv-01715-RA [rel. 1:17-cv-07954-RA-OTW]

Dear Judge Wang:

We submit this joint status letter in accordance with this Court's November 30, 2021 Order. Below we address the status of: (1) OSI's investigation and the OAG's representational analysis; and (2) Defendants' document production in response to Plaintiffs' July 30, 2021 requests for production. The parties also address the deadline for the remaining Defendants to respond to the Amended Complaint.

### Plaintiffs' Position

Today, Defendants informed Plaintiffs that OSI's investigation is still ongoing—despite the OAG's representation that the investigation would be completed by the end of November (ECF No. 111 at 1)—and the OAG has not yet conducted its representational analysis. While the OAG states that Plaintiffs' proposed deadlines are "not realistic", the OAG continues to avoid proposing *any* deadline by when the Defendants who have not yet responded to the Amended Complaint will do so, despite having been ordered to do so by this Court (*Pusepa v. Annucci*, 1:17-cv-07954-RA-OTW (ECF No. 176 at 6, November 30, 2021)). The OAG also fails to provide a deadline to complete its representational analysis, even though this case has been pending for nearly 10 months.

As to the status of document production, Defendants produced some additional documents today. Though Defendants state that these documents include those responsive to Plaintiffs' FOIL request regarding Defendant Sergeant B, this appears to be incorrect. In its response to the FOIL request, DOCCS indicated that it was withholding "[e]leven documents which allege staff-on-incarcerated individual sexual harassment against" Defendant Sergeant B. With one exception, none of the documents the OAG produced relates to allegations of sexual misconduct.

Furthermore, Plaintiffs are still waiting to receive documents relevant to their core allegations and that should be readily available, such as documents related to allegations of sexual assault against Defendant Sergeant B (mentioned above) and documents DOCCS prepared in 2019 related to the investigation of Plaintiff Smith's 2019 rape and sexual assault allegations. Regardless of whether the investigation was reopened when Plaintiff Smith filed this Complaint, documents related to any investigation that was conducted and closed before the filing of this Complaint should be produced immediately. If such documents do not exist because an investigation was not performed at that time, Defendants should respond with such information.

Plaintiffs respectfully request, as stated in the parties' previous joint status letter (ECF No. 111 at 3), that the OAG be ordered to complete its representational analysis by December 31, 2021 and to respond to the Amended Complaint 30 days thereafter for any additional Defendants that the OAG determines it can represent, in accordance with this Court's Order dated August 23, 2021 (ECF No. 95). Furthermore, Plaintiffs respectfully request that Defendants produce documents responsive to the following requests, which were among Plaintiffs' priority requests and were highlighted in the parties' last joint status letter (ECF No. 111 at 3), by December 31, 2021: (i) records related to allegations of sexual assault against Defendant Sergeant B; (ii) records (and supporting documentation) related to Plaintiff Smith's multiple 2019 allegations of rape and sexual assault and the investigation thereof; (iii) records of the Defendants' whereabouts and of the Defendants' assignments and assigned posts during the times of the incidents alleged in the Complaint; (iv) audiotape recording of the disciplinary hearings held on April 22, 2019 and April 30, 2019, related to an incident involving Plaintiff Smith dated April 9, 2019; (v) floor plans showing the locations where the incidents described in the Complaint took place and where cameras are placed; and (vi) records related to allegations of sexual misconduct against the non-supervisory Defendants.

**Defendants' Position**

With respect to the issue of the OSI investigations into the claims raised by the plaintiffs in this matter, I was advised this morning by OSI that the investigations should be completed and closed within approximately two weeks. The completion of the investigations has been hampered by the fact that two correctional facilities have been on lockdown, which has made it difficult for OSI investigators to gain access to conduct interviews. Once the investigations have been concluded, the Office of the Attorney General ("OAG") will need to conduct its representational analysis, as required by Public Officers Law Section 17.

Regarding the production of documents, I have forwarded to plaintiffs DOCCS' response to their FOIL request. In addition, I have also forwarded information pertaining to grievances filed by the plaintiffs. I am also currently reviewing additional documents provided to me by DOCCS and have advised plaintiffs that I will inform the by the end of this week whether OAG will produce or withhold these documents.

Finally, defendants object to plaintiffs' proposed schedule for a number of reasons. First, at this time, when OSI's investigations are not yet completed, it is not realistic to expect the OAG to complete its representational analysis and to then file responses to the Complaint by the end of January 2022. Defendants respectfully request that they have until the end of this month

to update the Court and plaintiffs on the OSI investigations and propose a realistic schedule for completion of the representational analysis and a date by which a response to the Complaint, on behalf of the defendants the OAG can represent, can be filed.[1] Second, as indicated previously, Counsel's Office for DOCCS has been working on obtaining the documents previously requested by plaintiffs. I have been forwarding these materials as they have been received/reviewed. It is unlikely that Counsel's Office will have all of the outstanding materials requested by plaintiffs within the next two weeks. I am happy to meet-and confer with plaintiffs to discuss a more realistic plan to produce these items.

                   Respectfully,

                   */s/ David M. Stuart*

                   David M. Stuart
                   Attorney for Plaintiffs

                   */s/ Neil Shevlin*

                   Assistant Attorney General Neil Shevlin
                   Attorney for Defendants

The Honorable Ona T. Wang
 United States District Court for the Southern District of New York
  Daniel Patrick Moynihan United States Courthouse
   500 Pearl St., Room 20D
    New York, NY 10007

VIA CM/ECF

---

[1] Once the OSI investigations have closed, I will be able to gain access to the investigative files and will be able to produce them to counsel for plaintiffs.