STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8561

January 12, 2022

By ECF
Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Jane Smith v. Annucci, *et al.*,
                21-CV-01715 (RA)(OTW) [rel. 17-CV-07954 (RA)(OTW)]

Your Honor:

    I write, respectfully, on behalf of both plaintiffs and defendants, pursuant to the Court's December 16, 2021 Order (ECF No. 120) to provide a joint status report and to propose an agenda for the January 18, 2022 conference with the Court.

**Defendants' Position**

    I have been advised by the New York State Department of Corrections and Community Supervision's ("DOCCS") Office of Special Investigation ("OSI") that it has completed its investigation into the allegations raised by plaintiffs in this case and it has concluded that it cannot substantiate those allegations. As a result, the Office of the Attorney General ("OAG") will be able to represent the defendants in this matter. Defendants request that they have until March 14, 2022 to respond to the Amended Complaint ("Complaint"). This time is needed for me to speak to the approximately fourteen defendants that I now represent and to prepare a response to the Complaint on their behalf.[1]

    **Agenda for Conference**

    In terms of discovery since the last joint status letter, dated December 13, 2021 (ECF No.

---

[1] Plaintiffs have also sued an additional defendant, "FNU Phillips." DOCCS' Counsel's Office is attempting to identify this individual.

118), I have forwarded to opposing counsel a copy of each plaintiffs' "Central Office" file maintained by DOCCS. I have also been provided by DOCCS a number of OSI files that I am in the process of reviewing. I will contact plaintiffs once I have completed my review.

In terms of an agenda for the January 18, 2022 conference, I believe that two issues need to be resolved.

First, as set forth more fully in the parties' joint letter to the Court, dated November 19, 2021 (ECF No. 111), OSI has provided me with documents involving allegations of wrongdoing by Bedford Hills Correctional Facility ("BHCF") staff having nothing to do with sexual assault. In addition, OSI has provided me with other documents involving allegations of wrongdoing by BHCF staff dealing with sexual assaults involving incarcerated individuals other than plaintiffs. In producing these materials to opposing counsel, I redacted the names of incarcerated individuals and incarcerated individual-witnesses either having nothing to do with sexual assaults or involving allegations of sexual assault having nothing to do with the plaintiffs. The justification for redacting the materials is that: (i) the names at issue are neither responsive nor relevant to the allegations in this case; (ii) there is a concern that if incarcerated individuals find out that their identities are being made known as part of lawsuits not involving them, even with a stipulation of confidentiality in place, they will be reluctant to report allegations of wrongdoing in the future; and (iii) the privacy rights of non-party individuals.

Second, in their first request for the production of documents, plaintiffs requested the following:

> 45. For each of Defendants Captain A, Captain B, Lieutenant A, Sergeant A, Sergeant B, Officer A, Officer B, Officer C, Officer D and Officer E, all Documents from his or her initial date of employment with DOCCS to the present concerning records of screening tests; psychological tests; pre-service and in-service training; job performance and other evaluations; complaints to police; arrests; convictions; information regarding issues of physical or sexual abuse; treatment for domestic violence, alcoholism or drug abuse; orders or judgments issued by any court; and complaints or reports of, investigations into and determinations of misconduct by them, including but not limited to Sexual Misconduct or any charges brought or Sanctions imposed for any violations of any DOCCS rule.

I believe that, at a minimum, the documents responsive to this request will include the file containing the respective defendants' application documents for employment with DOCCS as well their personnel files. To date, I have received from DOCCS application documents pertaining to a number of the defendants referenced in the request. I am still waiting for copies of the personnel files. The application documents are essentially divided into two sections. The first deals with background information such as past addresses, past employment, past schooling, past arrests, etc. The second section deals with psychological testing each applicant underwent to obtain employment with DOCCS and contains a psychological assessment of the applicants. This file also has sections dealing with things such as education/training, employment history, driving record, legal history, financial record, information pertaining to substance abuse issues, aggression

level, and mental health issues. I have withheld production of these materials because they are not relevant to the allegations in this case and because of HIPAA concerns.

According to plaintiffs, DOCCS staff have created a policy/custom encouraging or not preventing the sexual assault of female incarcerated individuals. In particular, at BHCF, staff, including the defendants herein, have been able to sexually assault female incarcerated individuals based on things such as the lack of surprise supervisory rounds, knowledge of locations throughout the facility lacking cameras, and the fact that male officers are assigned to supervise female incarcerated individuals one-to-one in isolated areas. See generally Amended Complaint. Plaintiffs also allege that certain of the defendants were notorious for having had sexual relationships with other inmates. See Amended Complaint, ¶¶ 63 and 70. Based on these allegations, what is "responsive and relevant" in this case is information pertaining to other acts of sexual assault at Bedford Hills, such as the identity of the officers alleged to have committed the sexual assaults, where in the facility the assaults took place, the frequency of supervisory rounds, and DOCCS' response to those allegations of sexual assault. What is not relevant to the allegations in the Amended Complaint are things such as a defendant's educational history, employment history, or home address history. Moreover, none of the allegations in the Amended Complaint address the mental health of any of the defendants or purport that any of the defendants have a mental health issue making it more likely that they will sexually assault female incarcerated individuals. In addition, mental health information pertaining to the defendants is protected by HIPAA.

I have suggested to opposing counsel that I produce to the Court for its *in camera* inspection a copy of one of the files. Opposing counsel rejected this suggestion on the basis that it is improper to withhold these files. Defendants believe that it would benefit the Court's analysis of these discovery issues to see what is in the files at issue. Therefore, defendants respectfully request permission to submit to the Court one of the files for *in camera* review.

**Plaintiffs' Position and Proposed Agenda**

Plaintiffs respectfully respond to Defendants' position above and propose the following agenda for the status conference.

1. **Pace of Defendants' Document Productions**

Since the last joint status letter (ECF No. 117) to the Court in which Plaintiffs expressed concern about the pace at which Defendants are producing documents, Defendants have produced only each Plaintiff's "Central Office" file. For the past five months, Defendants have failed to make any significant production of documents in response to Plaintiffs' July 30, 2021 document requests. Furthermore, Defendants have produced no documents responsive to five of the 10 priority RFPs Plaintiffs identified. This includes documents identifying the non-supervisory Defendants' regular assignments or posts from January 2019 to December 2019; documents indicating the presence of officers or supervisors on specific dates and in specific locations relevant to the incidents alleged in the Complaint; and floor plans reflecting the layout of specific locations relevant to the incidents alleged in the Complaint and the placement of cameras in those locations.

### 2. Defendants' Time to Respond to Amended Complaint

Defendants request that they have until March 14, 2022 to respond to the Amended Complaint. Plaintiffs have no objection.

### 3. Redaction of Inmates' Names

We hope to meet and confer with Defendants' counsel before the status conference. We intend to propose a compromise to Defendants and hope we can reach an agreement that addresses Defendants' concerns with respect to the privacy of other sexual assault victims at Bedford Hills Correctional Facility.

### 4. Withholding Production of Documents Responsive to RFP 45

Defendants have informed Plaintiffs that they will not produce DOCCS job application documents responsive to RFP 45 based on relevance grounds and HIPAA concerns. Neither is an appropriate basis on which to withhold these documents.

As to relevance, any information related to past arrests, education/training, employment history, legal history, substance abuse issues, aggression level and mental health issues are plainly relevant to Plaintiffs' claims. *See Cameron v. Menard*, No. 5:18-cv-204, 2021 WL 2805603, at *5 (D. Vt. July 6, 2021) ("Courts have permitted discovery of correctional officers' personnel files, and records of complaints against correctional officers, in civil rights cases, when the discovery is sought from correctional officers who were named as defendants in the case and who were alleged to have been directly involved in the relevant altercation, or to have had information about that altercation before it occurred."); *Smith v. Goord*, 222 F.R.D. 238, 242 (N.D.N.Y. 2004) (declining to conduct an *in camera* review of defendants' personnel files and stating that "such an inspection by the court should not be routinely conducted, and is no substitute to full disclosure to, and review of the disputed materials by, a litigant's counsel, who is best positioned to know the party's strategy and assess the relevance *vel non* of the information contained within the disputed materials"). If the application materials reveal indications of violent or abusive behavior, that would be relevant to Plaintiffs' claim that DOCCS supervisors have not implemented adequate policies, procedures and controls to mitigate the risk of sexual assault and that the supervisory Defendants "were deliberately indifferent to the serious risk of sexual violence and harassment of female inmates at the hands of correction officers at BHCF". (Am. Compl. ¶ 210.)

As to restrictions under HIPAA, "[t]he HIPAA regulations permit covered health care providers to disclose protected health information pursuant to court order and subpoena. Specifically, such a disclosure may be made 'in the course of any judicial . . . proceeding: . . . In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if' certain conditions, principally concerning notice to the affected person, are met." *Sforza v. City of New York*, No. 07 CIV 6122(DLC), 2008 WL 4701313, at *2 (S.D.N.Y. Oct. 24, 2008) (citing 45 C.F.R. § 164.512(e)(1)).

Therefore, Defendants' have no bases on which to withhold the job application materials responsive to RFP 45.

                                              Respectfully submitted,

                                              */s/ Neil Shevlin*
                                              Neil Shevlin
                                              Assistant Attorney General
                                              Neil.Shevlin@ag.ny.gov

                                              */s/ David M. Stuart*
                                              David M. Stuart
                                              Attorney for Plaintiffs
                                              DStuart@cravath.com

VIA CM/ECF