STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8561

January 28, 2022

<u>By ECF</u>
Hon. Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    Jane Smith v. Annucci, *et al.*,
               21-CV-01715 (RA)(OTW) [rel. 17-CV-07954 (RA)(OTW)]

Your Honor:

    I write, respectfully, on behalf of both plaintiffs and defendants, pursuant to the Court's January 18, 2022 Order to provide a joint status report with respect to plaintiffs' request for certain of the defendants' employment application files, consisting of a background-check file and a psychological evaluation.

**Defendants' Position**

    With respect to the production of the background-check files, I have been advised by the New York State Department of Corrections and Community Supervision ("DOCCS") that it consents to production of a redacted version of these files under an Attorneys' Eyes Only designation, subject to obtaining releases from the individual defendants, and reserving the right to move for a protective order with respect to information contained in these files should it become necessary to un-redact portions of these files. In order to have sufficient time to review/redact these files, have DOCCS review these redactions, and obtain releases from the individual defendants whose files are at issue, defendants request that they have until March 11, 2022, to produce these documents.

    With respect to the psychological evaluations, DOCCS opposes production of a redacted version of these files. Therefore, defendants will file their motion for a protective order by February 4, 2022, pursuant to the schedule set by the Court.

In addition, at the January 18, 2022 conference, the defendants were directed to provide plaintiffs and the Court (by February 11, 2022), with information pertaining to the number of claims of sexual assault and excessive force made by Incarcerated Individuals at Bedford Hills Correctional Facility ("Bedford Hills") from 2015-2021 that were investigated by DOCCS. I have been advised by DOCCS that during this period there were 154 complaints of sexual assault, which can be broken down as 135 allegations of staff-on-inmate sexual assault and 19 allegations of inmate-on-inmate sexual assault. In addition, DOCCS has advised me that during this period, there were 85 claims of excessive force.

**Plaintiffs' Position**

With the exception of some central office records on Plaintiffs, Defendants have made no document productions for almost seven weeks and the productions made so far have included hardly any materials related to the specific allegations in this case – materials we have been seeking since serving our document requests six months ago.

As reflected above, Defendants' unwillingness to provide redacted versions of the complete job application materials is consistent with its practice thus far delaying production of relevant materials and then making baseless objections in order to further delay. Defendants could have objected to producing these materials months ago and, by now, we could have had a resolution of the issue. We also note that while this present dispute is focused on Defendants' job application materials, we anticipate that there are other materials within Defendants' personnel files (including grievances that have been filed against Defendants) that are responsive to our document requests. To the extent Defendants intend to withhold those documents on similar grounds, we urge Defendants to brief both issues in their forthcoming motion for a protective order.

For the redacted portions of the job application files Defendants are willing to produce, delaying production for another six weeks until March 11 is unjustified and Plaintiffs object to Defendants' additional delay. Mr. Shevlin made clear to this Court during the status conference that he already has these documents in his possession and has reviewed them. To the extent the delay is based on the need to "obtain[] releases from the individual defendants", Defendants offer no support for the notion that they must individually release responsive and relevant discovery materials, particularly since the materials are being produced with redactions. Plaintiffs therefore respectfully request that this Court order the production of the redacted job application materials for the ten defendants identified in Request for Production No. 45 by February 4. It has been six months since Plaintiffs have served their Requests for Production without any meaningful response from Defendants. Plaintiffs have been cooperative and accommodating, including by agreeing to multiple requests to extend the time to respond to the complaint. We were hoping that setting a cooperative tone would benefit both sides; however, by all outward appearances, Defendants are simply not taking their discovery obligations seriously. Plaintiffs are concerned that unless a strong message is sent to Defendants, we will be faced with the same baseless delays and excuses for non-production for many additional months.

With respect to the information Mr. Shevlin provided relating to the number of claims of sexual assault and excessive force by inmates at Bedford Hills, we wish to clarify a couple of points. Mr. Shevlin indicated that the figures relate to complaints that were "investigated". The Court ordered Defendants to disclose the number of sexual assault complaints made at Bedford Hills since 2015, regardless of whether they were investigated. We were unable to connect with Mr. Shevlin to clarify this issue prior to the filing of this letter[1], so we request that if these numbers reflect only the complaints that were investigated, and exclude any complaints that were made but were not investigated, Defendants provide updated numbers in their February 11 letter. Furthermore, Plaintiffs request that Defendants provide a breakdown of the number of complaints made by year.

Respectfully submitted,

*/s/ Neil Shevlin*
Neil Shevlin
Assistant Attorney General
Neil.Shevlin@ag.ny.gov

*/s/ David M. Stuart*
David M. Stuart
Attorney for Plaintiffs
DStuart@cravath.com

cc: Counsel for Plaintiffs (by ECF)

---

[1] We were not able to reach Mr. Shevlin because he observes the Sabbath; however, we were able to reach his supervisor, who did not know the answer.