# CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
STEPHEN L. GORDON
ROBERT H. BARON
CHRISTINE A. VARNEY
PETER T. BARBUR
MICHAEL S. GOLDMAN
RICHARD HALL
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
PHILIP J. BOECKMAN
RONALD E. CREAMER JR.
WILLIAM V. FOGG
FAIZA J. SAEED
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
DAVID S. FINKELSTEIN
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
DAVID M. STUART

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

————

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1519

WRITER'S EMAIL ADDRESS
DStuart@cravath.com

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
DAVID L. PORTILLA
RORY A. LERARIS
MARGARET T. SEGALL
DANIEL K. ZACH
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI
LAUREN R. KENNEDY
SASHA ROSENTHAL-LARREA
ALLISON M. WEIN
MICHAEL P. ADDIS
JUSTIN C. CLARKE
SHARONMOYEE GOSWAMI
C. DANIEL HAAREN
EVAN MEHRAN NORRIS
LAUREN M. ROSENBERG
MICHAEL L. ARNOLD
HEATHER A. BENJAMIN
MATTHEW J. BOBBY
DANIEL J. CERQUEIRA

ALEXANDRA C. DENNING
HELAM GEBREMARIAM
MATTHEW G. JONES
MATTHEW M. KELLY
DAVID H. KORN
BRITTANY L. SUKIENNIK
ANDREW M. WARK
ANDREW T. DAVIS
DOUGLAS DOLAN
SANJAY MURTI
BETHANY A. PFALZGRAF
MATTHEW L. PLOSZEK
ARVIND RAVICHANDRAN

————

PARTNER EMERITUS
SAMUEL C. BUTLER

————

OF COUNSEL
MICHAEL L. SCHLER
CHRISTOPHER J. KELLY
KIMBERLEY S. DREXLER
LILLIAN S. GROSSBARD
KIMBERLY A. GROUSSET
ANDREI HARASYMIAK
JESSE M. WEISS
MICHAEL J. ZAKEN

February 11, 2022

*Smith et al. v. Annucci et al.*,
21-CV-01715 (RA)(OTW) [rel. 17-CV-07954 (RA)(OTW)]

Dear Judge Wang:

    In our last status conference, this Court stated that it was inclined to order production of Defendants' employment records, including their employment application materials and psychological evaluations. (ECF No. 128-1 at 23:2-4.) When Defendants declined, the Court suggested as a compromise that Defendants produce the evaluations in anonymized form, stating "I want you to think long and hard, Mr. Shevlin, about providing all of the applications in redacted form so that you are on the same ground in terms of understanding whether there is a real dispute here and, if so, whether it can be narrowed in any way". (*Id.* at 30:2-7.) Rather than heeding the Court's warning, Defendants objected to producing the evaluations at all, even with redactions that would protect Defendants' identities, and instead filed a Motion for Protective Order ("Motion"). Defendants' Motion is baseless and serves only to further draw out the period of time over which no meaningful production of documents has been made.

    This is not a dispute about a minor remaining discovery issue following an ordinary and rigorous production of documents as should have commenced months ago. Rather, this dispute arises more than six months after Plaintiffs served their document requests and in the absence of any meaningful document production.[1] Defendants have

---

   [1] In a letter filed today, counsel for Defendants acknowledged that Defendants have failed to produce any documents since the January 18, 2022 status conference, notwithstanding this Court's admonition that Defendants "aim for a first production by February 11th, with documents to be produced on a rolling basis". (ECF No. 128-1 at

apparently decided that information related to DOCCS's evaluation of their suitability to serve as prison guards and supervisors is not relevant to Plaintiffs' allegations that they were sexually assaulted and raped by the Officer Defendants in a prison where the Supervisory Defendants established a culture that permitted such conduct.

Defendant's position is specious, inconsistent with this Court's guidance and a further delay of discovery.

## Legal Standard

As an initial matter, Defendants do not articulate the proper standard. Relevance for discovery purposes is broad, particularly in federal civil rights actions. *See* Fed. R. Civ. P. 26; *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947, at *2 (S.D.N.Y. Oct. 17, 2018) (citations omitted); *Bailey v. City of New York*, No. 14 Civ. 2091 (JBW) (VMS), 2015 WL 4523196, at *3 (E.D.N.Y. July 27, 2015). Once relevance has been shown, the burden is on the responding party to state, with specificity, grounds for objection by showing good cause for a protective order. *See Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019) ("Good cause is established by demonstrating a particular need for protection. . . .Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury.") (citations omitted); *Culbreath v. Griffin*, No. 17CV3406 (KMK) (LMS), 2018 WL 11299396, at *3 (S.D.N.Y. Mar. 1, 2018). It is Defendants' burden to show that Plaintiffs are not entitled to the redacted evaluations Defendants were ordered to produce. As discussed below, Defendants do not come close to meeting that burden.

## Argument

Defendants' motion for a protective order is baseless to the point of being specious. Of the five justifications Defendants offer for refusing to produce redacted versions of the requested evaluations, they provide case citations for only one. For all five objections, Defendants do not even attempt to carry their burden of showing good cause; instead, they wrongly try to shift that burden to Plaintiffs. Defendants' arguments are meritless and should be rejected.

Defendants first contend that "the information requested is not relevant to the allegations in this case" because "[t]here is no allegation in the Complaint that

---

11:21-23.) In his letter, defense counsel explains why production has been delayed for the documents that are awaiting collection from DOCCS' Central Office or BHCF, but he offers no explanation for Defendants' failure to produce the documents that had already been collected as of January 18 and were simply awaiting review by DOCCS' Counsel's Office. (*See* ECF No. 128-1 at 10:21-11:4.) Furthermore, it is hard to see how production could truly be complete for seven of Plaintiffs' document requests, as defense counsel states in his letter, given that those document requests seek "all" responsive documents, and, to our knowledge, DOCCS has not performed a single custodial email search.

2

DOCCS has failed to properly vet any of its officers, in general, or the defendants, in particular, or that any of the defendants have mental health issue [sic] predisposing them to sexually assault female incarcerated individuals". (Mot. at 3.) Defendants' understanding of "relevance" is not consistent with ordinary discovery obligations under the Federal Rules. The question is not whether the evaluations can themselves prove a specific allegation within Plaintiffs' complaint. Rather, the question is whether these materials "bear on" Plaintiffs' claims that the Officer Defendants abused, assaulted and failed to protect them while the Supervisory Defendants implemented policies and practices that allowed such wrongdoing to happen. *MacCartney v. O'Dell*, No. 14-CV-3925 (NSR), 2018 WL 5023947, at *2.

The declaration accompanying Defendants' motion makes clear that the evaluations satisfy this standard. According to this declaration, the evaluation tests, among other things, the individual's ability to "avoid participation in behavior that is inappropriate, self-damaging and can adversely impact organizational functioning, such as alcohol/drug abuse, domestic violence and impulsive actions" and to "maintain high standards of personal conduct (i.e. honesty, impartiality and abiding by laws)". (ECF No. 128-2 at 6.) Such information is relevant to the claims against the Officer Defendants, given that the evaluations test for the very behaviors that the Defendants are alleged to have committed. Moreover, to the extent the evaluations provide insight about the Officer Defendants' "past criminal history", this too, is plainly relevant to the case. (*See* Mot. at 3 (suggesting the evaluations contain such information)). Indeed, "Plaintiffs are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information." *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (citations omitted); *see also Cameron v. Menard*, No. 5:18-cv-204-gwc-kjd, 2021 WL 2805603, at *5 (D. Vt. July 6, 2021) (holding that these sorts of employment files and background information are generally admissible in § 1983 cases). Defendants do not cite any authority to the contrary.

Defendants alternatively argue that even if the Officer Defendants' criminal history were relevant, they are entitled to a protective order because "plaintiffs have not limited their request to just that information. Instead, they have requested the entire evaluation which consists of many parts having nothing to do with criminal history." (Mot. at 3.) This argument fails on its face. As this Court recognized in proposing production of these redacted materials in the first place, "part of the problem . . . is that we're talking in just completely unlimited hypotheticals". (ECF No. 128-1 at 29:1-17.) Plaintiffs are thus "at a disadvantage" because they are "arguing about hypothetically something that they haven't seen before". (*Id.* at 25:19-26:10.) It bears repeating that we seek at this point only *redacted* versions of the evaluations so that we can determine whether and to what extent the full unredacted versions are necessary. We cannot limit our request further unless and until we know what information the evaluations contain. Defendants clutch all the cards to their chest and then fault Plaintiffs for not knowing their hand.

As to the Supervisory Defendants, Plaintiffs allege that they created and enforced a policy and practice of ignoring and enabling sexual assault against

3

incarcerated women. Evidence that the Supervisory Defendants had subjective knowledge of officers who had been flagged in an evaluation for propensity to be abusive or inappropriate with subordinates, for instance, would be pertinent to these claims. Defendants' argument that the Supervisory Defendants did not play "any role in the hiring of any of the defendants" is a red herring. (Mot. at 3.) The issue is not whether the Supervisory Defendants were involved in hiring; the issue is whether they had subjective knowledge of risk factors that persisted over the course of Officer Defendants' employment. Defendants claim in their Motion (but, notably, not in a declaration) that "[t]here is no evidence" that the Supervisory Defendants "had occasion to access/review their psychological evaluations". (Mot. at 4.) Perhaps that is true, but this discovery process is precisely for the purpose of making that determination. At a minimum, Plaintiffs should know whether the Supervisory Defendants reviewed the Officer Defendants' employment records prior to Plaintiff Smith's first alleged sexual misconduct by them and thus had subjective knowledge of the risk of sexual misconduct and could have implemented precautionary measures to ensure that the Officer Defendants were not given the opportunity to engage in further sexual misconduct, as such information bears directly on the allegations in Plaintiffs' Complaint.

In their second and third objections, Defendants argue that "release of the information contained in the evaluation poses a serious threat to the security of the individual defendants and the facilities where they work" and could potentially "frustrate the purpose of psychological screening by making it possible for candidates who have yet to undergo DOCCS' psychological testing to obtain guidance or insight into the exam questions". (*Id.*) Defendants act as though producing these materials in discovery under an Attorney Eyes Only designation is akin to "releas[ing them] into the public". (*Id.*) It is not. To start, once again, at this stage we are only arguing about redacted copies of the examinations; so, the objection rests on a faulty premise. Moreover, there is a protective order, drafted by the Office of the Attorney General, already in effect in this litigation to prevent sensitive documents from being disclosed publicly. (ECF No. 103.) If Defendants are suggesting that Plaintiffs' counsel might not abide by the terms of this protective order, we can assure Defendants that our Firm has a long history of ample experience with and appropriate processes and controls to mitigate the risk of disclosure.

Defendants also assert the law enforcement privilege, though they make no effort to demonstrate how this privilege might apply to the requested records. (Mot. at 4.) The law enforcement privilege is for the purpose of protecting law enforcement's ability to do investigative work, it does not "protect investigations of law enforcement officers who allegedly failed to perform their duties properly". *Walls v. City of New York*, 502 F. Supp. 3d 686, 699 (E.D.N.Y. 2020). An inquiry as to whether the law enforcement privilege applies "asks whether present or future investigations 'would be jeopardized if the information were revealed'"; it is not for addressing "privacy concerns". *Id.* at 698 (quoting *Morrissey v. City of New York*, 171 F.R.D. 85, 90-91 (S.D.N.Y. 1997)). Defendants, however, assert the privilege to thwart discovery based on privacy concerns, which is not an issue if identities are redacted.

Next, Defendants state that the production of evaluations "would result in the release of proprietary information maintained by LEPS" (Law Enforcement Psychological Services, Inc.). (Mot. at 4.) Defendants do not explain how this is in any way relevant to their discovery obligations in this case. To the extent Defendants mean to suggest that they must notify LEPS that they are required to produce these materials pursuant to a discovery request, they are free to do so. To the extent Defendants mean to suggest that "proprietary information" is somehow undiscoverable, they are wrong. *In re Subpoena Duces Tecum Served on Bell Commc'ns Rsch., Inc.*, No. MA-85, 1997 WL 10919, at *3 (S.D.N.Y. Jan. 13, 1997), *modified*, No. M8-85, 1997 WL 16747 (S.D.N.Y. Jan. 17, 1997) (ordering the production of a third party's "proprietary documents" where there was a protective order in place).

Finally, Defendants argue, without citing to any authority, that the requested production would violate Officer Defendants' rights under HIPAA. Defendants remarkably fault Plaintiffs for failing to "explain[] why the individual defendants whose mental health information is being requested are not entitled to HIPAA" (Mot. at 4), even though it is of course Defendants, not Plaintiffs, who bear the burden of showing why HIPAA applies. In any event, even if they had tried, Defendants could not satisfy this burden because HIPAA only applies to (1) health plans; (2) healthcare clearinghouses; and (3) healthcare providers that electronically transmit certain health information. *Del Plato v. Meyeroff, No. 05-CV-0881S (SR)*, 2008 WL 398547, at *3 (W.D.N.Y. Feb. 12, 2008) (citing 45 C.F.R. § 164.500(a), 42 U.S.C. § 1320d-1). It generally does not apply to employers.[2] Thus, there is not a valid HIPAA violation concern at issue. Moreover, even if HIPAA did apply, it specifically authorizes covered health care providers to disclose protected health information pursuant to a subpoena, discovery request or court order. *See* 45 C.F.R. § 164.512(e)(1); *see also Sforza v. City of New York*, No. 07 CIV 6122(DLC), 2008 WL 4701313, at *2 (S.D.N.Y. Oct. 24, 2008). Defendants' position is, once again, without basis and should be rejected.

Conclusion

For the reasons discussed herein, Defendants have not established good cause for withholding redacted versions of the evaluations. Plaintiffs therefore respectfully seek an Order directing Defendants to produce the redacted job application materials in their entirety, including the evaluations.

---

[2] *As an employer, I sponsor a group health plan for my employees. Am I a covered entity under HIPAA?*, U.S. Department of Health and Human Services (Apr. 6, 2004), https://www.hhs.gov/hipaa/for-professionals/faq/499/am-i-a-covered-entity-under-hipaa/index.html.

Respectfully,

*/s/ David M. Stuart*
David M. Stuart
Attorney for Plaintiffs

The Honorable Ona T. Wang
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
            500 Pearl St., Room 20D
                New York, NY 10007

VIA ECF

Copies to:

Neil Shevlin
    Assistant Attorney General
        28 Liberty Street
            New York, NY 10005

VIA ECF