UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE SMITH,

MARY DOE,

                              Plaintiffs,

              -against-

ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision,

JASON EFFMAN, Associate Commissioner and PREA Coordinator for New York State Department of Corrections and Community Supervision,

STEVEN MAHER, Chief of Investigations, Office of Special Investigations, New York State Department of Corrections and Community Supervision,

CHRISTIAN NUNEZ, Deputy Chief of the Sex Crimes Division, Office of Special Investigations, New York State Department of Corrections and Community Supervision,

JOHN SHIPLEY, Director, Bureau of Labor Relations, New York State Department of Corrections and Community Supervision,

SABINA KAPLAN, Superintendent of Bedford Hills Correctional Facility,

MICHAEL DAYE, Deputy Superintendent for Security at Bedford Hills Correctional Facility,

ELAINE VELEZ, Assistant Deputy Superintendent and PREA Compliance Manager at Bedford Hills Correctional Facility,

CAPTAIN A, Captain at Bedford Hills Correctional Facility,

1:21-CV-01715-RA-OTW [rel. 1:17-CV-07954-RA-OTW]

**RULE 26(F) REPORT AND PROPOSED CASE MANAGEMENT PLAN**

CAPTAIN B, Captain at Bedford Hills Correctional Facility,

LIEUTENANT A, Lieutenant at Bedford Hills Correctional Facility,

SERGEANT A, Sergeant at Bedford Hills Correctional Facility,

SERGEANT B, Sergeant at Bedford Hills Correctional Facility,

OFFICER A, Correction Officer at Bedford Hills Correctional Facility,

OFFICER B, Correction Officer at Bedford Hills Correctional Facility,

OFFICER C, Correction Officer at Bedford Hills Correctional Facility,

OFFICER D, Correction Officer at Bedford Hills Correctional Facility,

OFFICER E, Correction Officer at Bedford Hills Correctional Facility,

UNIDENTIFIED OFFICER, Correction Officer at Bedford Hills Correctional Facility,

GRIEVANCE SUPERVISOR A, Grievance Supervisor at Bedford Hills Correctional Facility,

INVESTIGATOR A, Investigator at Bedford Hills Correctional Facility,

                              Defendants.

**RULE 26(F) REPORT AND PROPOSED CASE MANAGEMENT PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on _____2/28/22_____ and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

   **Plaintiffs**:

   **Eighth and Fourteenth Amendments (Defendants Officer C, Officer D, Unidentified Officer and Sergeant B):**  Defendant Sergeant B, Defendant Officer C, Defendant Officer D and Unidentified Officer sexually harassed and abused Plaintiffs while they were incarcerated at Bedford Hills Correctional Facility ("BHCF").  This conduct was unreasonable and violated Plaintiffs' clearly established constitutional right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments of the U.S. Constitution.

   **Eighth and Fourteenth Amendments (Defendants Velez, Captain A, Captain B, Sergeant A, Lieutenant A, Officer A, Officer B, Grievance Supervisor A, Investigator A and Unidentified Officer):**  Correction officers and staff have a duty to report any allegation of sexual abuse or sexual harassment of an incarcerated individual, and to report any actual knowledge or reasonable belief concerning any incident of sexual abuse, sexual harassment or the existence of an inappropriate relationship between a staff member and an incarcerated individual.  They also have a duty to take reasonable steps to protect incarcerated individuals in their care and custody and to intervene when the constitutional rights of incarcerated individuals are violated.  These Defendants violated this duty when they deliberately ignored evidence that Defendants Sergeant B, Officer C and Officer D had sexually abused and harassed Plaintiff Smith and failed to take any meaningful steps to protect Plaintiff Smith from this abuse.  The deliberate failures of these Defendants, acting under color of state law, to protect Plaintiff Smith from abuse violated her right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments of the U.S. Constitution.

   **Eighth and Fourteenth Amendments (Defendant Officer E):**  Correction officers and staff have a duty to report any allegation of sexual abuse or sexual harassment of an incarcerated individual, and to report any actual knowledge or reasonable belief concerning any incident of sexual abuse, sexual harassment or the existence of an inappropriate relationship between a staff member and an incarcerated individual.  They also have a duty to take reasonable steps to protect incarcerated individuals in their care and custody and to intervene when the constitutional rights of incarcerated individuals are violated.  Defendant Officer E violated this duty when he failed to intervene while Defendant Sergeant B was assaulting Plaintiff Doe, despite knowing what was taking place.  Defendant Officer E failed to take any steps to protect Plaintiff Doe from this abuse.  The deliberate failure of Defendant Officer E, acting under color of state law, to protect Plaintiff Doe from abuse violated her right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments of the U.S. Constitution.

   **Eighth and Fourteenth Amendments (Defendants Annucci, Effman, Nunez, Kaplan, Maher, Shipley, Daye and Velez):**  Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye and Velez were aware that correction officers at BHCF were repeatedly accused, charged and criminally convicted of sexually abusing female incarcerated individuals and that correction officers at BHCF routinely carried on sexual relationships with incarcerated

1

individuals. They nevertheless failed to implement or enforce policies to protect Plaintiffs or other incarcerated individuals at BHCF from sexual abuse and harassment by correction officers and higher-level staff. Through their acts and omissions, these Defendants created a custom and implicit policy authorizing BHCF staff to deliberately ignore evidence of sexual misconduct and sexual assault on the part of correction officers against female incarcerated individuals. They were deliberately indifferent to the serious risk of sexual violence and harassment of female incarcerated individuals at the hands of correction officers at BHCF.

**Defendants:**

Defendants deny all of Plaintiffs' allegations under the Eighth and Fourteenth Amendments. Specifically, Defendants deny that they sexually harassed or abused the Plaintiffs or that they were deliberately indifferent to the Plaintiffs by failing to protect them. With respect to the allegations against Annucci, Effman, Nunez, Maher, Shipley, Kaplan, Daye, and Velez Defendants deny that officers at BHCF routinely carried on sexual relationships with incarcerated individuals; deny that these Defendants failed to implement or enforce policies to protect Plaintiffs or other incarcerated individuals at BHCF from sexual abuse and harassment by correction officers and higher-level staff; deny that through their acts and omissions, these Defendants created a custom and implicit policy authorizing BHCF staff to deliberately ignore evidence of sexual misconduct and sexual assault on the part of correction officers against female incarcerated individuals; and deny that they were deliberately indifferent to the serious risk of sexual violence and harassment of female incarcerated individuals at the hands of correction officers at BHCF.

Defendants Annucci and Effman raised several defenses in the Answer they filed on November 30, 2021 (ECF No. 113), including, but not limited to, failure to state a claim and qualified immunity. Defendants Maher, Nunez, and Shipley moved to dismiss on November 30, 2021 (ECF No. 114). The remaining Defendants anticipate raising defenses in their Answer that is currently due to be filed on March 14, 2022.

2. **Basis of Subject Matter Jurisdiction**

This Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343(a). This Court has jurisdiction to award nominal, compensatory and punitive damages and attorneys' fees under 28 U.S.C. § 2201 and 42 U.S.C. §§ 1983 and 1988.

3. **Subjects on Which Discovery May Be Needed**

<u>Plaintiffs:</u>  Plaintiffs are conducting discovery relevant to the causes of action asserted by Plaintiffs in this lawsuit, as well as the defenses asserted by Defendants, including discovery related to Defendants' sexual harassment and abuse of Plaintiffs and others and their failure to implement and/or enforce policies, practices and procedures to protect Plaintiffs or other incarcerated individuals from sexual abuse and harassment by correction officers and higher-level staff.

<u>Defendants</u>: Defendants anticipate needing discovery relevant to Plaintiffs' allegations under the Eighth and Fourteenth Amendments that Defendants sexually abused or harassed them; were deliberately indifferent to Plaintiffs by failing to protect them; that officers at BHCF routinely carried on sexual relationships with incarcerated individuals; that Defendants failed to implement or enforce policies to protect Plaintiffs or other incarcerated individuals at BHCF from sexual abuse and harassment by correction officers and higher-level staff; that Defendants, through their acts and omissions, created a custom and implicit policy authorizing BHCF staff to deliberately ignore evidence of sexual misconduct and sexual assault on the part of correction officers against female incarcerated individuals; and that the Defendants were deliberately indifferent to the serious risk of sexual violence and harassment of female incarcerated individuals at the hands of correction officers at BHCF.

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Plaintiff(s) on _____3/21/22_____. In addition, on _4/4/22 (14 days after initial disclosures)_, Plaintiff(s) will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be disclosed by Defendant(s) on March 21, 2022. In addition, defendants have been producing relevant documents and will continue to supplement their production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by _____10/1/22_____.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 5(a) above.

   i. <u>Depositions</u>: Depositions shall be completed by ___9/15/22___ and limited to no more than __23__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before _____6/1/22_____. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

   iii. <u>Requests for Admission</u>: Requests for admission must be served on or before _____9/1/22_____.

3

      iv.   <u>Requests for Production</u>: Initial requests for production were served by Plaintiffs on __7/30/21__ and final productions responsive to these requests shall be due on __5/1/22__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

      v.   <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

<u>Plaintiffs:</u>  Plaintiffs have had difficulty obtaining meaningful discovery from Defendants.  Plaintiffs have documented their views on the inadequate pace and substance of Defendants' productions in joint status letters.  In particular, we have received only 103 documents—a significant portion of which consist of publicly available directives or general policies.  We have not even received Plaintiff Smith's complaints of sexual assault, the audiotape recordings of the disciplinary hearings referenced in the Amended Complaint, documents reflecting officer and supervisor assignments and posts during relevant dates, floor plans or log books—notwithstanding our monthslong efforts to obtain these high-priority materials.  Plaintiffs raised the pace of discovery with the Court during the parties' January 18 status conference, and we understand that additional materials will be produced this month.

As of now, Defendants have not agreed to produce the investigatory files associated with complaints alleging sexual misconduct by BHCF staff made by incarcerated individuals at BHCF. On February 11, Defendants provided the number of complaints regarding sexual abuse and excessive force made at BHCF.  The parties have met and conferred, and Plaintiffs requested the files associated with the 239 complaints made by incarcerated individuals at BHCF between 2015 and 2021, prioritizing the 154 complaints of sexual assault, which Plaintiffs agreed could be redacted at the time of initial production to remove the names of the incarcerated individuals, but not to redact the names of the corrections officers.  If Plaintiffs determine that unredacted versions are necessary for some or all of these complaints, then the parties will meet and confer further.  Plaintiffs are awaiting Defendants' response to this proposal.

Plaintiffs seek no limitations on discovery at this time.

<u>Defendants:</u>  Plaintiffs' complaint that they have not been provided "meaningful discovery" is not accurate. Defendants have been providing discovery materials to Plaintiffs in response to Plaintiffs' discovery requests on a rolling basis for several months and anticipate continuing to do so.

In addition, Plaintiffs have requested a copy of all 154 complaints of sexual abuse and 85 complaints of excessive force made by incarcerated individuals at Bedford Hills between the period 2015-2021. The parties have met and conferred, and Defendants are reviewing the request internally and will respond to counsel for Plaintiffs after having completed their review.

7. **Amendments to Pleadings**

    a. Are there any amendments to pleadings anticipated? \_\_\_\_\_No_____

    b. Last date to amend the Complaint: _____7/9/21_____

8. **Expert Witness Disclosures**

At this time, the parties do anticipate utilizing experts. Expert discovery shall be completed by 2/1/23_____.

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? _____Yes_____

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? \_\_ Not yet. The parties expect to have one in place by 3/15/22.\_\_

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

Plaintiffs' position: During the Rule 26(f) conference, the parties discussed whether appropriate evidence preservation protocols were implemented in 2019 when DOCCS was first on notice of Plaintiff Smith's claims and DOCCS and OSI received letters from the Legal Aid Society describing Plaintiff Smith's claims requesting preservation of evidence such as video footage and logbooks. Defendants' counsel did not know what steps were taken to preserve evidence in light of those requests, but agreed to look into the matter. Depending on what Plaintiffs learn from Defendants, this may become an issue to be addressed by the parties.

Defendants' position: Defendants have been given hold instructions. The parties discussed Plaintiffs' concerns whether hold instructions were given by DOCCS to its employees prior to the commencement of this litigation after DOCCS had received letters of complaint from counsel for Plaintiffs. The Office of the Attorney General has agreed to try to ascertain whether hold instructions were given by DOCCS prior to commencement of this action. To date, Defendants have not failed to produce discovery because it was no longer available.

10. **Anticipated Motions**

Plaintiffs may pursue a motion for sanctions based on Defendants' failure to comply with their discovery obligations.

11. **Early Settlement or Resolution**

The parties have not discussed the possibility of settlement. Plaintiffs request a settlement conference by no later than _____10/15/22_____. Defendants do not

5

request a settlement conference at this time. The following information is needed before settlement can be discussed: <u>None at this time.</u>

    12.    **Trial**

            a.    The parties anticipate that this case will be ready for trial by <u>4/1/23</u>.

            b.    The parties anticipate that the trial of this case will require <u>5</u> days.

            c.    The parties do not consent to a trial before a Magistrate Judge at this time.

            d.    The parties request a jury trial.

    13.    **Other Matters**

The parties have agreed that they will make their initial disclosures pursuant to Rule 26(1) on <u>3/21/22, which is 7 days after the non-supervisory defendants' answer to the amended complaint is due</u>.

Respectfully submitted this 3rd day of March,

ATTORNEYS FOR PLAINTIFF(S):

*[signature]*

ATTORNEYS FOR DEFENDANT(S):

*[signature: Neil Shevlin]*