UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JANE SMITH, MARY DOE,                         :

           Plaintiffs,                            :

                               :

         -against-                               :

ANTHONY J. ANNUCCI, *et. al.*,                 :

           Defendants.
-----------------------------------------------------X

          21-CV-1715 (RA)(OTW)

          **ANSWER TO AMENDED
          COMPLAINT**

      Defendants Sabina Kaplan, Michael Daye, Elaine Velez, Captain A, Captain B, Lieutenant A, Sergeant A, Sergeant B, Officer A, Officer B, Officer C, Officer D, Grievance Supervisor A, Investigator A, and Officer E ("Defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, amend their Answer to the Amended Complaint ("Complaint" or "Compl.") as follows:[1]

      1.     Defendants object to the allegations of the Complaint generally as failing to be a short, plain statement of a claim as required by Rule 8(a) of the Federal Rules of Civil Procedure.  The Complaint alleges minute evidentiary detail, to which a paragraph-by-paragraph response would be unduly burdensome.

      2.     With respect to the allegations contained in the introductory paragraph on pp. 1-2, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Plaintiffs set forth the parties they have sued herein but deny any wrongdoing.

---

[1] An Answer and Amended Answer was filed previously on behalf of Defendants Annucci and Effman (ECF Nos. 113 and 116). A Motion to Dismiss was previously filed on behalf of Defendants Maher Nunez, and Shipley (ECF No. 114-115). The defendant listed in the Amended Complaint as "Unidentified Officer" has not yet been identified. Therefore, this Answer is not submitted on this defendant's behalf.

## NATURE OF THE ACTION

3.     With respect to the allegations contained in paragraph 1 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny any wrongdoing.

4.     With respect to the allegations contained in paragraph 2 of the Complaint, the statistics and studies cited speak for themselves and no response is necessary. To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the allegations but deny any wrongdoing.

5.     With respect to the allegations contained in paragraph 3 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Velez denies the allegations.

6.     With respect to the allegations contained in paragraph 4 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

7.     With respect to the allegations contained in paragraph 5 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Kaplan, Velez, Daye, Captain A, Captain B, Lieutenant A, Sergeant A, Sergeant B, and Grievance Supervisor A deny the allegations as to themselves, and all Defendants deny any wrongdoing.

8.     With respect to the allegations contained in paragraph 6 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Sergeant B denies the allegations, and all Defendants deny any wrongdoing.

2

9.      With respect to the allegations contained in paragraph 7 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Officer C denies the allegations, and all Defendants deny any wrongdoing.

10.     With respect to the allegations contained in paragraph 8 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B and Officer C deny the allegations as to themselves, but all Defendants deny any wrongdoing.

11.     With respect to the allegations contained in paragraph 9 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B, Officer C, and Officer D deny the allegations as to themselves, but all Defendants deny any wrongdoing.

12.     With respect to the allegations contained in paragraph 10 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer A, Officer B, and Officer C deny the allegations as to themselves,  and Captain B admits that he presided over a disciplinary hearing involving the Plaintiff and that he determined that she was guilty of the charges against her but refers to the Inmate Misbehavior Report, hearing transcript, and hearing-related documents for the specific charges against the Plaintiff and the punishment imposed on her.

13.     With respect to the allegations contained in paragraph 11 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer C and Lieutenant A deny the allegations as to themselves, and all Defendants deny any wrongdoing.

14.     With respect to the allegations contained in paragraph 12 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations; Defendants Lieutenant A and Officer C deny the allegation as to themselves, but all Defendants deny any wrongdoing; Defendants Velez, Captain A, and Inmate Grievance Coordinator A admit as to themselves that Plaintiff reported to them that Defendant Officer C had blown her a kiss and told her he loves her but deny that Plaintiff told them that Officer C had forced Plaintiff to give him oral sex and deny that they failed to take steps to protect her; Investigator A admits that Plaintiff told her that Officer C had blown her a kiss, told her he loves her, and forced her to give him oral sex but denies that she failed to investigate these claims, and any wrongdoing. With respect to the allegations that Plaintiff filed grievances, those documents speak for themselves and no response is necessary.

15.     With respect to the allegations contained in paragraph 13 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer C, Officer D, and Sergeant A, deny the allegations as to themselves, and all Defendants deny any wrongdoing.

16.     With respect to the allegations contained in paragraph 14 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B and Officer C deny that they were alone with the Plaintiff in the infirmary and deny any wrongdoing, but Officer C admits that he was regularly assigned to work on the floor where the medical clinic was located.

17.     With respect to the allegations contained in paragraph 15 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B and Officer C deny the allegations that they raped the

Plaintiff. With respect to Plaintiff's claim that she filed a grievance, that document speaks for itself and no response is necessary.

18.     With respect to the allegations contained in paragraph 16 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is necessary, the purported letters speak for themselves and Defendants deny any wrongdoing.

19.     With respect to the allegations contained in paragraph 17 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Officer C denies the allegations pertaining to him, and all Defendant deny any wrongdoing.

20.     With respect to the allegations contained in paragraph 18 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing.

21.     With respect to the allegations contained in paragraph 19 of the Complaint, Plaintiffs are asserting legal claims and no response is necessary. To the extent a response is necessary, Defendants deny any wrongdoing.

## **PARTIES**

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 20-21 of the Complaint but admit that at the time of the events at issue in this Complaint, Plaintiffs were incarcerated by DOCCS at Bedford Hills Correctional Facility ("Bedford Hills").

23.     With respect to the allegations contained in paragraphs 22-26 of the Complaint, Defendants admit that these individuals have been named as Defendants in the instant action and

no response is necessary. To the extent Plaintiffs assert the legal capacity within which they are suing these named Defendants, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, Defendants deny any wrongdoing.

24.     With respect to the allegations contained in paragraphs 27-35 of the Complaint, Defendants admit that these individuals have been named as Defendants in the instant action. To the extent Plaintiffs cite to Defendants' duties and responsibilities, Defendants refer to the job descriptions published by DOCCS listing the duties and responsibilities of each position within DOCCS.  To the extent Plaintiffs assert the legal capacity within which they are suing these named Defendants, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, Defendants deny any wrongdoing.

## JURISDICTION AND VENUE

25.     Defendants deny that any response is required to the allegations asserted in paragraph 36 of the Complaint as they make assertions of law and consist of Plaintiffs' characterization of the action, and respectfully refer any question of law contained therein to the Court.  To the extent a response may be deemed required, Defendants admit that Plaintiffs assert jurisdiction under the statutes cited but deny any wrongdoing.

26.     Defendants deny that any response is required to the allegations asserted in paragraph 37 of the Complaint as they make assertions of law and consist of Plaintiffs' characterization of the action, and respectfully refer any question of law contained therein to the Court.  To the extent a response may be deemed required, Defendants admit that Plaintiffs assert venue under the statutes cited but deny any wrongdoing.

## RELEVANT FACTS

**A.** **History of Sexual Abuse of Women Incarcerated in New York State Prisons**

27.     With respect to sub-heading "A" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form belief as to the truth of the allegations.

28.     Admit the allegations contained in paragraph 38 of the Complaint.

29.     With respect to the allegations contained in paragraph 39 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Plaintiffs cite to statistics or reports, those materials speak for themselves and no response is necessary. To the extent a response is necessary, Defendants deny any wrongdoing.

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 40-41 of the Complaint but deny any wrongdoing.

31.     With respect to the allegations contained in paragraph 42 of the Complaint, no response is necessary as Plaintiffs refer to two statutes and Defendants refer to those statutes for the legislative intent supporting them.

32.     With respect to the allegations contained in paragraph 43 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

33.     With respect to the allegations contained in paragraphs 44-45 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants deny any wrongdoing. To the extent Plaintiffs cite to statistics/reports, those materials speak for themselves and no response is necessary.

34.     With respect to the allegations contained in paragraphs 46-48 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but that Defendants deny any wrongdoing. To the extent Plaintiffs cite to statistics/reports, those materials speak for themselves and no response is necessary.

**B.     Plaintiffs Were at High Risk of Sexual Assault Upon Entering BHCF**

35.     With respect to sub-heading "B" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing.

36.     With respect to the allegations contained in paragraphs 49-52 of the Complaint, the PREA act, its standards, and legislative history speak for themselves and no response is necessary.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53-62 of the Complaint.

**C.     Defendant Sergeant B Sexually Harassed Ms. Smith Throughout Her Time at BHCF**

38.     With respect to sub-heading "C" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Sergeant B denies the allegations.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63-66 of the Complaint, except Sergeant B denies the allegations.

**D.     Defendant Sergeant B Forced Ms. Doe to Perform Oral Sex**

40.     With respect to sub-heading "D" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Sergeant B denies the allegations.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67-69 of the Complaint, except Sergeant B and Officer E deny the allegations as to themselves, but all Defendants deny any wrongdoing.

**E.     Defendant Officer C Forced Ms. Smith to Perform Oral Sex on Him with the Help of Defendants Officer B and Officer A**

42.     With respect to sub-heading "E" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Officer C, Officer B, and Officer A deny the allegations as to themselves.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70-80 of the Complaint, except Defendants Officer A, Officer B, and Officer C deny the allegations as to themselves, and deny any wrongdoing.

44.     With respect to the allegations contained in paragraphs 81-83 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Officers A and C admit that Plaintiff hit CO C in the chest. To the extent Plaintiff refers to an Inmate Misbehavior Report and disciplinary proceedings, those speak for themselves and no response is necessary.

45.     With respect to the allegations contained in paragraph 84 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Lieutenant A denies the allegations that he denied Plaintiff food, sheets, and medical care.

**F.     Defendant Officer C Was Allowed to Interact with Ms. Smith and Continued to Sexually Harass Her with the Knowledge of Defendants Velez, Captain A, Captain B, Lieutenant A, Grievance Supervisor A and Investigator A**

46.     With respect to sub-heading "F" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except

Defendants Officer C, Velez, Captain A, Captain B, Lieutenant A, Grievance Supervisor A and Investigator A deny the allegations as to themselves and deny any wrongdoing.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85-86 of the Complaint, except Officer C denies the allegations.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 87-89 of the Complaint, except Officer C and Lieutenant A deny the allegations and deny any wrongdoing.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 90-92 of the Complaint, except Captain B admits that at some point in time Plaintiff complained to him about being sexually harassed and that he reported that alleged harassment, which lead to an investigation by OSI. Grievance Supervisor A admits that Plaintiff filed a grievance pertaining to Officer C blowing her a kiss and telling Plaintiff he loved her but denies knowledge or information pertaining to the remaining claims. Defendants Velez and Captain A admit that they are aware of Plaintiff's claim that Officer C blew her a kiss and told her he loves her but otherwise deny knowledge or information as to the remaining claims. To the extent Plaintiff filed grievances, those documents speak for themselves and no response is necessary.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 93-97 of the Complaint, except Defendant Captain B admits that at some point in time Plaintiff complained to him about being sexually harassed and that he reported that alleged harassment, which lead to an investigation by OSI.

**G.     Defendant Officer D Sexually Assaulted Ms. Smith by Inserting Her Finger in Ms. Smith's Vagina in an Alleged Search for Contraband with the Help of Defendants Sergeant A and Unidentified Officer, Which Ms. Smith Reported to Her Prison Psychologist and Defendants Grievance Supervisor A and Investigator A.**

51.     With respect to sub-heading "G" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations except Defendants Officer D and Sergeant A deny the allegations. Defendant Investigator A admits, with respect to herself, that Plaintiff reported the alleged sexual assault to her, but denies any wrongdoing.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 98-109 of the Complaint, except Officer D and Sergeant A deny the allegations as to themselves. To the extent Plaintiff filed a grievance, that document speaks for itself and no response is necessary.

**H.     Defendants Officer C and Sergeant B Raped Ms. Smith While She was Alone in the Medical Clinic, Which She Reported to her Prison Psychologist and in an Inmate Grievance**

53.     With respect to sub-heading "H" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Officer C and Sergeant B deny the allegations as to themselves.

54.     Defendants deny knowledge rf information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110-118 of the Complaint, except Defendants Officer C and Sgt. B deny the allegations as to themselves.

55.     With respect to the allegations contained in paragraph 119 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Kaplan denies the allegations as to herself.

56.     With respect to the allegations contained in paragraphs 120-125 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny any wrongdoing.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Complaint, except Officer C, Officer D, and Sergeant B deny the allegations.

**I.     Defendants Annucci, Effman, Kaplan, Daye and Velez Are Responsible for Preventing Sexual Abuse and Retaliatory Actions Against Victims at BHCF**

58.     With respect to sub-heading "I" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing as to themselves.

59.     With respect to the allegations contained in paragraph 127 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing.

60.     With respect to the allegations contained in paragraph 128 of the Complaint, the regulation speaks for itself and no response is necessary but admit that Jason Effman is DOCCS' PREA Coordinator.

61.     With respect to the allegations contained in paragraph 129 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez admit the allegations as to themselves. Defendant Kaplan admits the allegations as to herself but only until she retired from DOCCS in June 2017.

62.     With respect to the allegations contained in paragraph 130 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan and Velez deny the allegations as to themselves.

**J.** **Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye and Velez Were Aware of the Substantial Risks of Sexual Abuse to Female Prisoners in DOCCS Facilities and in BHCF in Particular**

63.     With respect to the sub-heading "J" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez deny the allegations as to themselves.

64.     With respect to the allegations contained in paragraphs 131-132 of the Complaint, the respective statutes speak for themselves and no response is necessary.

65.     With respect to the allegations contained in paragraph 133 of the Complaint, Defendants deny knowledge of information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez admit the allegations as to themselves.

66.     With respect to the allegations contained in paragraph 134 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendants Kaplan, Daye, and Velez admit their own awareness of PREA, but deny that any response is necessary as that statute speaks for itself in terms of the obligations it places on DOCCS.

67.     With respect to the allegations contained in paragraph 135 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Velez admits that there are certain characteristics that render inmates more vulnerable to sexual abuse in prison at the hands of other inmates and correctional staff.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the Complaint, but Daye and Velez deny that "sexual assault and exploitation in DOCCS facilities, and in BHCF in particular, is rampant." Defendant Kaplan also denies that "sexual assault and exploitation in DOCCS facilities, and in

BHCF in particular, is rampant" while she was Superintendent of Bedford Hills until her retirement from DOCCS in June 2017.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Complaint, but Daye and Velez deny that there is a "persistent" and "prevalent" problem at BHCF of incarcerated individuals being sexually harassed, exploited, and assaulted. Defendant Kaplan also denies these allegations for the period she was Superintendent at BHCF until her retirement from DOCCS in June 2017. With respect to the specific examples cited by Plaintiffs of officers at BHCF who have been arrested and have had criminal charges brought against them, Kaplan, Daye, and Velez admit, generally that, through the DOCCS' efforts and in furtherance of DOCCS' zero tolerance policy for sexual abuse or sexual harassment, certain officers have had criminal charges brought against them for sexual offenses or other charges related to sexual abuse of incarcerated individuals at BHCF, but with respect to the specific examples listed by the Plaintiffs, refer to the articles cited by Plaintiffs and to the public record.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 138-141 of the Complaint. With respect to the specific cases cited by Plaintiffs, those are matters of public record and no response is necessary. To the extent a response is necessary, deny any wrongdoing.

**K.      Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye and Velez Failed to Enact Supervisory Policies that Would Prevent Sexual Abuse by DOCCS Staff, and Defendants Annucci, Effman, Maher, Nunez, Shipley, Kaplan, Daye, Velez, Captain A, Captain B, Lieutenant A, Sergeant A and Sergeant B Failed to Enforce Existing Policies**

71.     With respect to sub-heading "K" of the RELEVANT FACTS section, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but

Defendants Kaplan, Daye, Velez, Captain A, Captain B, Lieutenant A, Sergeant A and Sergeant B deny the allegations as to themselves and deny any wrongdoing.

72.     With respect to the allegations contained in paragraphs 142-146 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez deny the allegations as to themselves.

73.     With respect to the allegations contained in paragraph 147 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Kaplan denies the allegations.

74.     With respect to the allegations contained in paragraphs 148-150 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez deny the allegations as to themselves.

75.     With respect to the allegations contained in paragraph 151-154 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

76.     With respect to the allegations contained in paragraph 155 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez deny the allegations as to themselves.

77.     With respect to the allegations contained in paragraph 156 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

78.     With respect to the allegations contained in paragraph 157 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, and Velez deny the allegations as to themselves.

79.     With respect to the allegations contained in paragraph 158 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Lieutenant A, Officer C, and Sgt. B deny the allegations as to themselves and deny any wrongdoing.

80.     With respect to the allegations contained in paragraph 159 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations. Defendant Kaplan denies the allegations but only for the period she served at the Superintendent of BHCF until her retirement from DOCCS in June 2017.

81.     With respect to the allegations contained in paragraph 160 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

82.     With respect to the allegations contained in paragraphs 161-163 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself but only for the period she served at the Superintendent of BHCF until her retirement from DOCCS in June 2017.

83.     With respect to the allegations contained in paragraphs 164 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself but only for the period she served at the Superintendent of BHCF until her retirement from DOCCS in June 2017.

84.     With respect to the allegations contained in paragraphs 165-166 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye, Velez, Captain A, Captain B, Lieutenant A, Sergeant A, and Sergeant B deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself but only for the period she served at the Superintendent of BHCF until her retirement from DOCCS in June 2017.

85.     With respect to the allegations contained in paragraphs 167 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing.

86.     With respect to the allegations contained in paragraphs 168-169 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Sergeant B denies the allegations.

87.     With respect to the allegations contained in paragraphs 170-171 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer C and Sergeant B deny the allegations as to themselves.

88.     With respect to the allegations contained in paragraph 172 of the Complaint, Defendants are unable to respond because the term "content and substance" is not defined. To the extent a response is necessary, deny any wrongdoing.

89.     With respect to the allegations contained in paragraph 173 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself for the period of time she served as Superintendent of BHCF until her retirement from DOCCS in June 2017.

17

90.     With respect to the allegations contained in paragraph 174 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendant Daye denies the allegations.

91.     With respect to the allegations contained in paragraph 175 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Daye, Velez, Captains A and B, Lieutenant A, and Sergeants A and B deny as to themselves that they would ignore violations of DOCCS policies if they were observed during rounds.

92.     With respect to the allegations contained in paragraphs 176-177 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Kaplan, Velez, and Daye deny the allegations.

93.     With respect to the allegations contained in paragraphs 178-179 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer C and Sergeant B deny the allegations as to themselves.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS OFFICER C, OFFICER D, UNIDENTIFIED OFFICER AND SERGEANT B**

**EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**-Cruel and Unusual Punishment-**

94.     As to the allegations contained in paragraph 180 of the Complaint, Defendants repeat, re-allege, and incorporate their responses to paragraphs 1-179, as if more fully set forth herein.

95.     With respect to the allegations contained in paragraphs 181-189 of the Complaint,

Plaintiffs are raising legal arguments to which no response is necessary. To the extent a response is necessary, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B, Officer C, and Officer D deny the allegations.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS VELEZ, CAPTAIN A, CAPTAIN B, SERGEANT A, LIEUTENANT A, OFFICER A, OFFICER B, GRIEVANCE SUPERVISOR A, INESTIGATOR A AND UNIDENTIFIED OFFICER**

**EIGHT AND FOURTEETH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**-Failure to Protect-**

96.     As to the allegations contained in paragraph 190 of the Complaint, Defendants repeat, re-allege, and incorporate their responses to paragraphs 1-189, as if more fully set forth herein.

97.      With respect to the allegations contained in paragraphs 191-192 of the Complaint, Defendants admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the terms "staff" and "contractual staff."

98.     With respect to the allegations contained in paragraphs 193-195 of the Complaint, Plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Velez, Captain A, Captain B, Sergeant A, Lieutenant A, Officer A, Officer B, Grievance Supervisor A, and Investigator A deny the allegations as to themselves.

.

**THIRD CLAIM FOR RELIEF AGAINST OFFICER E**

**EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
-Failure to Protect-**

99.     As to the allegations contained in paragraph 196 of the Complaint, Defendants repeat, re-allege, and incorporate their responses to paragraphs 1-195, as if more fully set forth herein.

100.    With respect to the allegations contained in paragraphs 197-198 of the Complaint, Defendants admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the term "staff" and "contractual staff."

101.    With respect to the allegations contained in paragraphs 199-201 of the Complaint, Plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Officer E and Sergeant B deny the allegations as to themselves.

**FOURTH CLAIM FOR RELIEF AGAINST SUPERVISORY DEFENDANTS ANNUCCI, EFFMAN, NUNEZ, KAPLAN, MAHER, SHIPLEY, DAYE AND VELEZ**

**EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
-Failure to Implement Policies and Practices to Avoid Violations of Constitutional Rights and Failure to Train/Supervise Employees-**

102.    As to the allegations contained in paragraph 202 of the Complaint, Defendants repeat, re-allege, and incorporate their responses to paragraphs 1-201, as if more fully set forth herein.

103.    With respect to the allegations contained in paragraphs 203-204 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves and deny that

officers at BHCF were "repeatedly accused, charged and criminally convicted of sexually abusing female inmates," and that officers at BHCF "routinely carried on sexual relationships with inmates." Defendant Kaplan denies the allegations as to herself and denies that officers at BHCF were "repeatedly accused, charged and criminally convicted of sexually abusing female inmates," and that officers at BHCF "routinely carried on sexual relationships with inmates" while she was Superintendent at BHCF until her retirement from DOCCS in June 2017.

104.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the Complaint, but Defendants Kaplan, Daye, and Velez deny that Officers at BHCF "routinely" had sex with inmates.

105.   With respect to the allegations contained in paragraphs 206 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself while she was Superintendent at BHCF until her retirement from DOCCS in June 2017.

106.   With respect to the allegations contained in paragraph 207 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Sergeant B, Daye, and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself while she was Superintendent at BHCF until her retirement from DOCCS in June 2017.

107.   With respect to the allegations contained in paragraph 208 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations but deny any wrongdoing, but Defendants Kaplan, Velez, and Daye deny the allegations as to themselves.

108.    With respect to the allegations contained in paragraphs 209-210 of the Complaint, Plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, but Defendants Daye and Velez deny the allegations as to themselves. Defendant Kaplan denies the allegations as to herself while she was Superintendent at BHCF until her retirement from DOCCS in June 2017.

109.    With respect to the allegations contained in the paragraph captioned "PRAYER FOR RELIEF," Defendants admit that Plaintiffs summarize their legal arguments, deny that there is any basis for this action, deny that Plaintiffs are entitled to such damages and relief, and deny any alleged wrongdoing.

**DEFENSES**

**AS AND FOR A FIRST DEFENSE**

110.    The Complaint fails to state a claim or allege sufficient facts for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

111.    If any losses or damages were sustained by Plaintiffs, which assumption is expressly denied, then all such losses or damages have been caused and brought about by Plaintiffs' own fault, neglect, negligence, lack of care, inattention, poor judgment and culpable conduct, without similar acts of the defendant having contributed thereto, and as a consequence of the foregoing, the Complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to Plaintiffs' contributing and participating negligence and fault.

.

## AS AND FOR A THIRD DEFENSE

112.    The alleged conduct was properly within the discretionary authority committed to Defendants to perform their official function, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR A FOURTH DEFENSE

113.    The Defendants at no time acted willfully or in malicious disregard of Plaintiffs' constitutional rights. As such, Plaintiffs are not entitled to punitive damages or other relief.

## AS AND FOR A FIFTH DEFENSE

114.    Defendants are not personally responsible for, or involved in, any acts of commission, or omission alleged by Plaintiffs, and cannot be held responsible for any agents, servants, employees, or co-workers.

## AS AND FOR A SIXTH DEFENSE

115.    The alleged injuries sustained by Plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct Defendants are not responsible.

## AS AND FOR A SEVENTH DEFENSE

116.    In light of possible parallel proceedings, Plaintiffs' claims may ultimately be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR AN EIGHTH DEFENSE

117.    Defendants have Qualified Immunity in that their conduct did not violate clearly established law or it was objectively reasonable for persons in their position to believe that their conduct did not violate clearly established law.

.

### AS AND FOR A NINTH DEFENSE

118.    On information and belief, Plaintiffs have failed to exhaust some of their claims in this case and, therefore, those claims are barred by 42 U.S.C. § 1997e(a).

### AS AND FOR A TENTH DEFENSE

119.    Certain of Plaintiffs' claims are barred by the applicable Statutes of Limitations and/or application of the doctrine of laches.

### AS AND FOR AN ELEVENTH DEFENSE

120.    To the extent that Plaintiffs seek damages from Defendants in their official capacity, Defendants have sovereign and Eleventh Amendment immunity.

### JURY TRIAL DEMANDED

121.    Defendants demand a jury trial.

Dated:  New York, New York
         March 14, 2022

                                    LETITIA JAMES
                                    Attorney General of the
                                     State of New York
                                    Attorney for Defendants
                                    By:

                                    /s/ Neil Shevlin_____
                                    NEIL SHEVLIN
                                    Assistant Attorney General
                                    28 Liberty Street- 18th Floor
                                    New York, New York 10005
                                    Neil.Shevlin@ag.ny.gov
                                    (212) 416-8561