# CRAVATH, SWAINE & MOORE LLP

| | | | |
|---|---|---|---|
| JOHN W. WHITE | TIMOTHY G. CAMERON | AARON M. GRUBER | ALEXANDRA C. DENNING |
| EVAN R. CHESLER | KARIN A. DEMASI | O. KEITH HALLAM, III | HELAM GEBREMARIAM |
| STEPHEN L. GORDON | DAVID S. FINKELSTEIN | OMID H. NASAB | MATTHEW G. JONES |
| ROBERT H. BARON | RACHEL G. SKAISTIS | DAMARIS HERNÁNDEZ | MATTHEW M. KELLY |
| CHRISTINE A. VARNEY | PAUL H. ZUMBRO | JONATHAN J. KATZ | DAVID H. KORN |
| PETER T. BARBUR | ERIC W. HILFERS | DAVID L. PORTILLA | BRITTANY L. SUKIENNIK |
| MICHAEL S. GOLDMAN | GEORGE F. SCHOEN | RORY A. LERARIS | ANDREW M. WARK |
| RICHARD HALL | ERIK R. TAVZEL | MARGARET T. SEGALL | ANDREW T. DAVIS |
| STEPHEN L. BURNS | CRAIG F. ARCELLA | DANIEL K. ZACH | DOUGLAS DOLAN |
| KATHERINE B. FORREST | LAUREN ANGELILLI | NICHOLAS A. DORSEY | SANJAY MURTI |
| KEITH R. HUMMEL | TATIANA LAPUSHCHIK | ANDREW C. ELKEN | BETHANY A. PFALZGRAF |
| DAVID J. KAPPOS | ALYSSA K. CAPLES | JENNY HOCHENBERG | MATTHEW L. PLOSZEK |
| DANIEL SLIFKIN | MINH VAN NGO | VANESSA A. LAVELY | ARVIND RAVICHANDRAN |
| ROBERT I. TOWNSEND, III | KEVIN J. ORSINI | G.J. LIGELIS JR. | |
| PHILIP J. BOECKMAN | MATTHEW MORREALE | MICHAEL E. MARIANI | |
| RONALD E. CREAMER JR. | JOHN D. BURETTA | LAUREN R. KENNEDY | PARTNER EMERITUS |
| WILLIAM V. FOGG | J. WESLEY EARNHARDT | SASHA ROSENTHAL-LARREA | SAMUEL C. BUTLER |
| FAIZA J. SAEED | YONATAN EVEN | ALLISON M. WEIN | |
| THOMAS E. DUNN | BENJAMIN GRUENSTEIN | MICHAEL P. ADDIS | |
| MARK I. GREENE | JOSEPH D. ZAVAGLIA | JUSTIN C. CLARKE | OF COUNSEL |
| DAVID R. MARRIOTT | STEPHEN M. KESSING | SHARONMOYEE GOSWAMI | MICHAEL L. SCHLER |
| MICHAEL A. PASKIN | LAUREN A. MOSKOWITZ | C. DANIEL HAAREN | CHRISTOPHER J. KELLY |
| ANDREW J. PITTS | DAVID J. PERKINS | EVAN MEHRAN NORRIS | KIMBERLEY S. DREXLER |
| MICHAEL T. REYNOLDS | J. LEONARD TETI, II | LAUREN M. ROSENBERG | LILLIAN S. GROSSBARD |
| ANTONY L. RYAN | D. SCOTT BENNETT | MICHAEL L. ARNOLD | KIMBERLY A. GROUSSET |
| GEORGE E. ZOBITZ | TING S. CHEN | HEATHER A. BENJAMIN | ANDREI HARASYMIAK |
| GEORGE A. STEPHANAKIS | CHRISTOPHER K. FARGO | MATTHEW J. BOBBY | JESSE M. WEISS |
| GARY A. BORNSTEIN | DAVID M. STUART | DANIEL J. CERQUEIRA | MICHAEL J. ZAKEN |

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1519

WRITER'S EMAIL ADDRESS
DStuart@cravath.com

March 31, 2022

*Smith et al. v. Annucci et al.*
1:21-cv-01715-RA [rel. 1:17-cv-07954-RA-OTW]

Dear Judge Wang:

    We submit this joint status letter in accordance with this Court's March 3, 2022 Order. Below we address the status of Defendants' document production in response to Plaintiffs' July 30, 2021 requests for production and the ESI protocol.

    **<u>Plaintiffs' Position</u>**

    In their February 11, 2022 letter to the Court (ECF No. 132), Defendants stated that by March 11, they would produce documents responsive to a subset of Plaintiffs' outstanding Requests, or else inform Plaintiffs of any objections to producing such documents. They further stated that by March 22, they would produce responsive documents or set forth objections regarding the remainder of Plaintiffs' outstanding Requests. Subject to any objections, such productions were meant to include records related to the OSI investigations of Plaintiffs' allegations, floor plans showing the locations of cameras within Bedford Hills Correctional Facility and logbooks showing the relevant Defendants' locations during the times of the attacks, to name a few key examples.

    Defendants have entirely failed to abide by the above deadlines. They did not produce anything until March 18, at which point they produced only six documents (three directives and three defendants' training histories), and—apart from two files received tonight—they have not produced anything since. We followed up with Defendants on March 23 as to the status of their document productions, and Defendants stated only that "there have been issues with the production and to date, we have only received certain of the documents. We are currently reviewing those documents [and] will be producing them on a rolling basis as we complete our review." Defendants provided no indication of when they are going to produce

these documents, and they have not informed us of their objections, or confirmed that they have no objections, to producing documents responsive to the outstanding Requests. On March 29, we again asked defense counsel for an update on the production of documents responsive to the requests listed above, to which Defendants did not respond.

There are certain document requests that would benefit from custodial document searches, which the parties have begun discussing in meet and confers. Plaintiffs are in the process of putting together a proposed protocol to discuss with Defendants that would allow for the efficient search and production of documents responsive to those requests. However, as noted above and in earlier status letters, a significant number of Plaintiffs' requests relate to materials, such as investigative reports and logbooks, that plainly do not require custodial searches. Defendants have continually failed to produce these documents or otherwise respond to Plaintiffs' document requests at a reasonable pace and have failed to meet the deadlines they themselves set. As a result, over a year after the filing of the initial Complaint, Plaintiffs have yet to receive documents fundamental to the claims in this case.

Plaintiffs respectfully request that the Court order the Defendants to notify Plaintiffs of any objections to their Requests by April 7 and, for those documents to which there is no objection to production, to produce them on April 14. The May 1 deadline that defense counsel references below is the deadline for completing production to *all* of the requests in Plaintiffs' First Set of RFPs. It is not the deadline to produce non-custodial documents that Plaintiffs have been waiting many months to receive, and it is certainly not the deadline to identify what objections, if any, Defendants have to producing responsive materials.

Defendants also note below that they have asked Plaintiffs to limit the request for personnel files to exclude materials that, in Defendants' view, are "mostly not relevant to the allegations in this case". Defendants wish to withhold any information in the personnel files that is unrelated to discipline or criminal history, and Defendants have specifically proposed withholding materials relating to pay stubs and medical information. As we explained to Defendants, given the extreme delay in production of these and all of the other materials Defendants still have not produced, our view is that Defendants should produce the documents in their entirety pursuant to the protections set forth in our protective order. To the extent Defendants are asking for additional time to redact the documents, this will lead to additional unnecessary delay. And, as we noted to Defendants, there are several reasons that the materials defense counsel has proposed withholding are relevant to this case. Pay stubs, for instance, would reveal whether Defendants have received pay raises notwithstanding any disciplinary issues, and medical records might reveal treatment for an STD or a psychiatric condition or some distinguishing physical trait. Though Plaintiffs are not categorically opposed to narrowing our document requests where feasible, it is untenable for Defendants to continually take the position that materials related to the Defendants' personal histories and experiences are somehow not relevant to the claims and defenses in this case.

Finally, the parties' joint case management plan stated that we expected to have an ESI protocol in place by March 15. On March 10, Plaintiffs sent a draft ESI protocol to Defendants. Defendants have not sent Plaintiffs their comments or sign-off on the proposed protocol, so the parties do not yet have one in place.

**Defendants' Position**

Defendants acknowledge that they have not been able to produce all of the responsive materials by the March 11, 2022, and March 22, 2022 response dates and apologize to the Court and opposing counsel for the delays. DOCCS continues to compile the requested materials but it is taking longer than anticipated. We have been producing materials to opposing counsel as we have been receiving them but there is not an immediate turnaround as we have to review the documents once they have been received. We are in receipt of several of the materials plaintiffs' counsel have asked us to prioritize such as an audio recording of Plaintiff Smith's disciplinary hearing as well as a number of personnel files. I have also been advised that the Office of Special Investigation's case investigative file pertaining to the allegations at issue in this case will be sent to my office tomorrow via UPS. I served the audio file this evening. With respect to the personnel files, I emailed opposing counsel this past Tuesday, March 29, 2022, to alert them to the fact that the personnel files contain information that is mostly not relevant to the allegations in this case. I asked them to narrow the focus of the request to, for example, issues pertaining to discipline or criminal activity by the defendants, and they responded that it would not be possible. I am hopeful they will reassess their position so that we can resolve any issues we have without the Court's involvement.

I do not believe that the proposed dates offered by Plaintiff's counsel are realistic since I am still waiting to receive additional documents from DOCCS and the materials I do have need to be reviewed. I believe that a more workable schedule is the one agreed to by the parties in the Rule 26(F) Report and Proposed Case Management Plan, filed on March 3, 2022 (ECF No. 137). There, the parties agreed that Defendants would complete production of the materials requested in Plaintiffs' First Request for the Production of Documents by May 1, 2022.

Finally, while it is the case that Counsel for Plaintiffs did serve me with proposed ESI protocols on or about March 10, 2022, those protocols are extremely complex and implicate a level of technological specificity beyond my or DOCCS' ability to assess. As a result, DOCCS has forwarded the proposed protocols to the New York State Office of Information Technology Services ("NYSIT") for review/guidance. As a result, I cannot respond until DOCCS is advised by NYSIT whether it can meet the specifications set out in the protocols.

Respectfully,

*/s/ David M. Stuart*

David M. Stuart
Attorney for Plaintiffs

*/s/ Neil Shevlin*

Assistant Attorney General Neil Shevlin
Attorney for Defendants

The Honorable Ona T. Wang
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
            500 Pearl St., Room 20D
                New York, NY 10007

VIA CM/ECF