UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JANE SMITH, MARY DOE,          :

       Plaintiffs,          :

   -against-          :

ANTHONY J. ANNUCCI, *et. al.*,     :

       Defendants.       :
------------------------------------------------------X

21-CV-1715 (RA)(OTW)

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS NUNEZ, MAHER, & SHIPLEY**

Defendants Christopher Nunez, Stephen Maher, and John Shipley ("defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, answer the Amended Complaint ("Complaint" or "Compl.") as follows[1]:

1. With respect to the allegations contained in the introductory paragraph on pp. 1-2, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that plaintiffs set forth the parties they have sued herein, but deny any wrongdoing.

2. With respect to the allegations contained in paragraph 1 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny any wrongdoing.

3. With respect to the allegations contained in paragraph 2 of the Complaint, the statistics and studies cited speak for themselves and no response is necessary, to the extent a response is necessary, defendants deny plaintiffs' characterization that there is an "astonishingly high rate of sexual abuse of women" by prison staff within DOCCS, and deny any wrongdoing.

---

[1] This Answer is only being submitted on behalf of Nunez, Maher, and Shipley as the Office of the Attorney General has previously answered on behalf of the other named defendants. See ECF Nos. 116 and 138.

4.     With respect to the allegations contained in paragraph 3 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

5.     With respect to the allegations contained in paragraph 4 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

6.     With respect to the allegations contained in paragraph 5 of the Complaint, defendants deny the allegations, but deny knowledge or information sufficient to from a belief as to the truth of the allegations concerning "DOCCS supervisors" and staff at Bedford Hills Correctional Facility.

7.     Defendants deny knowledge or information sufficient to from a belief as to the truth of the allegations contained in paragraphs 6-18 of the Complaint, but deny any wrongdoing.

8.     With respect to the allegations contained in paragraph 19 of the Complaint, plaintiffs are asserting legal claims and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

9.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 20-21 of the Complaint, but admit that at the time of the events at issue in this Complaint, plaintiffs were incarcerated by DOCCS at Bedford Hills Correctional Facility ("Bedford Hills").

10.     Defendants admit the allegations contained in paragraph 22 of the Complaint, except deny that defendant Annucci is responsible for enforcing policies. To the extent that plaintiffs assert that defendant Annucci is being sued in his individual capacity, this is a legal

conclusion and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

11. Defendants Maher and Nunez admit the allegations contained in paragraph 23 of the Complaint. Defendant Shipley denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that plaintiffs assert that defendant Effman is being sued in his individual capacity, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

12. Defendants Maher and Nunez deny the allegations contained in paragraph 24 of the Complaint. Defendant Shipley denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that plaintiffs assert that defendant Maher is being sued in his individual capacity, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

13. With respect to the allegations contained in paragraph 25 of the Complaint, defendants Maher and Shipley deny knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant Nunez denies the allegations except admits that at all relevant times at issue in the Complaint, he served as Deputy Chief of the Sex Crimes Unit for DOCCS' OSI with authority to recommend whether or not a matter should be referred to law enforcement officials. To the extent that plaintiffs assert that defendant Nunez is being sued in his individual capacity, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

14. With respect to the allegations contained in paragraph 26 of the Complaint, defendant Shipley admits the allegations. Defendants Nunez and Maher deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent that plaintiffs

assert that defendant Shipley is being sued in his individual capacity, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

15. With respect to the allegations contained in paragraphs 27-35 of the Complaint, defendants admit that these individuals have been named as defendants in the instant action and no response is necessary. To the extent plaintiffs assert the legal capacity within which they are suing these named defendants, this is a legal conclusion, and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

16. No response is required to the allegations asserted in paragraph 36 of the Complaint as they make assertions of law and consist of plaintiffs' characterization of the action. Defendants respectfully refer any question of law contained therein to the Court. To the extent a response may be deemed required, defendants admit that plaintiffs assert jurisdiction under the statutes cited, but deny any wrongdoing.

17. No response is required to the allegations asserted in paragraph 37 of the Complaint as they make assertions of law and consist of plaintiffs' characterization of the action. Defendants respectfully refer any question of law contained therein to the Court. To the extent a response may be deemed required, defendants admit that plaintiffs assert venue under the statutes cited, but deny any wrongdoing.

18. With respect to sub-heading "A" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form belief as to the truth of the allegations.

19. Defendants admit the allegations contained in paragraph 38 of the Complaint.

20. With respect to the allegations contained in paragraph 39 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the

allegations. To the extent plaintiffs cite to statistics or reports, those materials speak for themselves and no response is necessary. To the extent a response is necessary, defendants deny any wrongdoing.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs 40-41 of the Complaint.

22.     With respect to the allegations contained in paragraph 42 of the Complaint, no response is necessary as plaintiffs refer to two statutes and defendants refer to those statutes for the legislative intent supporting them.

23.     With respect to the allegations contained in paragraph 43 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

24.     With respect to the allegations contained in paragraphs 44-45 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent plaintiffs cite to statistics/reports, those materials speak for themselves and no response is necessary, except that defendants deny any wrongdoing.

25.     With respect to the allegations contained in paragraphs 46-48 of the Complaint, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent plaintiffs cite to statistics/reports, those materials speak for themselves, and no response is necessary, except that defendants deny any wrongdoing.

26.     With respect to sub-heading "B" of the RELEVANT FACTS section, defendants deny the allegations.

27.    With respect to the allegations contained in paragraphs 49-52 of the Complaint, the PREA statute, its standards, and legislative history speak for themselves, and no response is necessary.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 53-62 of the Complaint.

29.    With respect to sub-heading "C" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63-66 of the Complaint.

31.    With respect to sub-heading "D" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 67-69 of the Complaint.

33.    With respect to sub-heading "E" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

34.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 70-84 of the Complaint.

35.    With respect to sub-heading "F" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 85-87 of the Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, except defendant Nunez admits that Officer Hale blew a kiss to the plaintiff for which he was counseled.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 89-97 of the Complaint.

39.     With respect to sub-heading "G" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 98-109 of the Complaint.

41.     With respect to sub-heading "H" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110-119.

43.     With respect to the allegations contained in paragraph 120 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Nunez admits that Legal Aid addressed a letter to him and Defendant Effman on or about June 20, 2019, but refers to the letter for its contents.

44.     With respect to the allegations contained in paragraphs 121-124 of the Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except Defendant Nunez admits that Legal Aid sent a second letter to him, dated July 5, 2019, but refers to the letter for its contents.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 125-126.

46.     With respect to sub-heading "I" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations, except deny that Annucci and Effman are responsible for preventing sexual abuse and retaliatory actions against victims of sexual abuse at BHCF.

47.     With respect to the allegations contained in paragraph 127 of the Complaint, defendants Nunez and Shipley admit that defendant Annucci is responsible for enacting policies and procedures to protect the safety of incarcerated individuals in DOCCS, but deny that he is responsible for the enforcement of those policies. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     With respect to the allegations contained in paragraph 128 of the Complaint, the statute speaks for itself and no response is necessary. Defendants Nunez and Shipley admit that defendant Effman is DOCCS' PREA Coordinator while defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding defendant Effman.

49.     With respect to the allegations contained in paragraph 129 of the Complaint, defendants Nunez and Shipley admit the allegations, but defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

51.     With respect to the sub-heading "J" of the RELEVANT FACTS section, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and deny any wrongdoing.

52.     With respect to the allegations contained in paragraphs 131-132 of the Complaint, the respective statutes speak for themselves, and no response is necessary.

53.     With respect to the allegations contained in paragraph 133 of the Complaint, defendants admit the allegations only as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

54.     With respect to the allegations contained in paragraph 134 of the Complaint, defendants Nunez and Shipley admit the allegations only as to themselves. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

55.      With respect to the allegations contained in paragraph 135 of the Complaint, defendants Nunez and Shipley admit the allegations only as to themselves. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

56.     With respect to the allegations contained in paragraph 136 of the Complaint, defendants deny the allegations as to themselves but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations.

57.     With respect to the allegations contained in paragraph 137 of the Complaint as to defendant Nunez, he denies the allegations as to himself, but he denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other named defendants. With with respect to sub-paragraphs (i) – (v), defendant Nunez denies knowledge or information sufficient to form a belief as to the truth of the allegations, but admits the allegations contained in sub-paragraphs (ix) – (x) as to himself. With respect to defendant Maher, he denies the allegations as to himself, but denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other named defendants. With respect to sub-paragraphs (i) – (x), defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations. With respect to defendant Shipley, denies the allegations as to himself. With respect to sub-paragraphs (i) – (viii), defendant Shipley admits the allegations as to himself, but denies

knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (ix) and (x).

58.     With respect to the allegations contained in paragraph 138 of the Complaint, defendants admit as to themselves that DOCCS staff and officials have been sued in several lawsuits, but refer to those lawsuits for the allegations contained therein and for the nature of the relief sought, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other named defendants.

59.     With respect to the allegations contained in paragraph 139 of the Complaint, Defendant Nunez admits that he is aware of lawsuits brought by other women against DOCCS staff alleging sexual harassment, exploitation, and abuse, but denies knowledge or information sufficient to form a belief as to what the other defendants were "aware of." With respect to the specific cases cited in the paragraph, those cases are matters of public record and no response is necessary. To the extent a response is necessary, denies any wrongdoing. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent Plaintiffs cite to specific cases, those cases are matters of public record and no response is necessary. To the extent a response is necessary, denies any wrongdoing.  Defendant Shipley admits that he is aware of lawsuits brought by other women against DOCCS staff alleging sexual harassment, exploitation, and abuse, but denies knowledge or information sufficient to form a belief as to what the other defendants were "aware of." With respect to the specific cases cited in the paragraph, those cases are matters of public record and no response is necessary. To the extent a response is necessary, denies any wrongdoing.

60.     With respect to the allegations contained in paragraph 140 of the Complaint, defendants Nunez and Shipley deny the allegations as to themselves but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     With respect to the allegations contained in paragraph 141 of the Complaint, defendant Nunez admits the allegations as to himself but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant Shipley denies the allegations as to himself but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

62.     With respect to sub-heading "K" of the RELEVANT FACTS section, defendants deny the allegations as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

63.     With respect to the allegations contained in paragraph 142 of the Complaint, defendants deny the allegations as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint.

65.     With respect to the allegations contained in paragraph 144 of the Complaint, defendants deny the allegations as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 145-148 of the Complaint.

67.     With respect to the allegations contained in paragraphs 149-155 of the Complaint, defendants deny the allegations as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

68.     With respect to the allegations contained in paragraph 156 of the Complaint, defendants Maher and Nunez deny the allegations as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants. Defendant Shipley denies knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 157-179 of the Complaint.

70.     As to the allegations contained in paragraph 180 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-179, as if more fully set forth herein.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 181-189 of the Complaint, except to the extent plaintiffs are raising legal arguments to which no response is necessary.

72.     As to the allegations contained in paragraph 190 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-189, as if more fully set forth herein.

73.      With respect to the allegations contained in paragraphs 191-192 of the Complaint, admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the term "staff" and "contractual staff."

74.     With respect to the allegations contained in paragraphs 193-195 of the Complaint, plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

75.     As to the allegations contained in paragraph 196 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-195, as if more fully set forth herein.

76.     With respect to the allegations contained in paragraphs 197-198 of the Complaint, defendants admit the allegations but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the term "staff" and "contractual staff."

77.     With respect to the allegations contained in paragraphs 199-201 of the Complaint, plaintiffs are raising legal arguments and no response is necessary. To the extent a response is necessary, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

78.     As to the allegations contained in paragraph 202 of the Complaint, defendants repeat, re-allege, and incorporate their responses to paragraphs 1-201, as if more fully set forth herein.

79.     With respect to the allegations contained in paragraph 203 of the Complaint, defendants Nunez and Shipley admit the allegations. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

80.     With respect to the allegations contained in paragraphs 204 of the Complaint, defendants Nunez and Shipley deny the allegations. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

81.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 205 of the Complaint.

82.     With respect to the allegations contained in paragraphs 206 of the Complaint, defendants Nunez and Shipley deny the allegations. Defendant Maher denies knowledge or information sufficient to form a belief as to the truth of the allegations.

83.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 207-208 of the Complaint.

84.     With respect to the allegations contained in paragraphs 209-210 of the Complaint, defendants Nunez, Shipley, and Maher deny as to themselves, but deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

85.     With respect to the allegations contained in the paragraph captioned "PRAYER FOR RELIEF," defendants admit that plaintiffs summarize their legal arguments, deny that there is any basis for this action, deny that plaintiffs are entitled to such damages and relief, and deny any alleged wrongdoing.

## DEFENSES

### AS AND FOR A FIRST DEFENSE

86.     The Complaint fails to state a claim or allege sufficient facts for which relief can be granted.

### AS AND FOR A SECOND DEFENSE

87.     If any losses or damages were sustained by plaintiffs, which assumption is expressly denied, then all such losses or damages have been caused and brought about by plaintiffs' own fault, neglect, negligence, lack of care, inattention, poor judgment and culpable conduct, without similar acts of the defendants having contributed thereto, and as a consequence of the

foregoing, the Complaint should be dismissed in all respects, and/or proven losses or damages, if any, should be reduced and diminished in proportion to plaintiffs' contributing and participating negligence and fault.

## AS AND FOR A THIRD DEFENSE

88.　　The alleged conduct was properly within the discretionary authority committed to defendants to perform their official function, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

## AS AND FOR A FOURTH DEFENSE

89.　　The defendants at no time acted willfully or in malicious disregard of plaintiffs' constitutional rights. As such, plaintiffs are not entitled to punitive damages or other relief.

## AS AND FOR A FIFTH DEFENSE

90.　　Defendants are not personally responsible for, or involved in, any acts of commission, or omission alleged by plaintiffs, and cannot be held responsible for any agents, servants, employees, or co-workers.

## AS AND FOR A SIXTH DEFENSE

91.　　The alleged injuries sustained by plaintiffs in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendants are not responsible.

## AS AND FOR A SEVENTH DEFENSE

92.　　In light of possible parallel proceedings, plaintiffs' claims may ultimately be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR AN EIGHTH DEFENSE

93.     Defendants have Qualified Immunity in that their conduct did not violate clearly established law or it was objectively reasonable for persons in their position to believe that their conduct did not violate clearly established law.

## AS AND FOR A NINTH DEFENSE

94.     On information and belief, plaintiffs have failed to exhaust some of their claims in this case and, therefore, those claims are barred by 42 U.S.C. § 1997e(a).

## AS AND FOR A TENTH DEFENSE

95.     Certain of plaintiffs' claims are barred by the applicable Statutes of Limitations and/or application of the doctrine of laches.

## AS AND FOR AN ELEVENTH DEFENSE

96.     To the extent that plaintiffs seek damages from defendants in their official capacity, defendants have sovereign and Eleventh Amendment immunity.

## JURY TRIAL DEMANDED

97.     Defendants demand a jury trial.

Dated:  New York, New York
    November 3, 2022

           LETITIA JAMES
           Attorney General of the
            State of New York
           Attorney for Defendants Nunez, Maher
           & Shipley
           By:

           /s/ Neil Shevlin
           NEIL SHEVLIN
           Assistant Attorney General
           28 Liberty Street- 18th Floor
           New York, New York 10005
           Neil.Shevlin@ag.ny.gov

(212) 416-8561