# CRAVATH

David M. Stuart
dstuart@cravath.com
T+1-212-474-1519
New York

January 25, 2023

*Smith v. Annucci*, Case No: 21-CV-01715 (RA)(OTW) [rel: 17-CV-07954 (RA)(OTW)]

Dear Judge Wang:

We write in response to Defendants' January 20, 2023 letter motion requesting an order compelling Plaintiff Jane Smith[1] to attend her deposition.  (Dkt. 177).

Although Ms. Smith's deposition was originally noticed for October 20, 2022, it was first scheduled for a mutually agreed date of December 19, 2022.  On December 16, we called defense counsel to explain that Ms. Smith was unwell and would be unable to appear for her upcoming deposition.  The parties subsequently agreed to a new date of January 20, 2023.  On January 18, 2023, we called defense counsel and explained that Ms. Smith would again be unable to appear for her deposition.  As we explained on that call, Ms. Smith does not have stable, permanent housing or employment, and she suffers from mental health and intellectual disabilities, which make it more challenging for her to secure and maintain these basic necessities.  As a result, we had been unable to maintain regular contact with our client in recent months and thus unable to adequately prepare her or ensure her appearance for her deposition.  We offered to reimburse Defendants for any costs incurred as a result of Ms. Smith's inability to appear.

We have just recently reestablished contact with Ms. Smith.  We have learned that she is living with a relative, with whom we have also spoken.  There is no question that Ms. Smith has a duty to make herself available for her deposition, and we intend to do everything possible to ensure that she fulfills that obligation.  Ms. Smith has repeatedly reiterated to us her desire to be deposed and to continue diligently prosecuting this action.  We therefore do not oppose, in principle, Defendants' request for a date certain by which Ms. Smith will appear for her deposition, but we do oppose Defendants' request for a February 10 deadline. We respectfully

---

[1] Defendants' letter also seeks an order compelling Plaintiff Mary Doe to attend her deposition.  However, as we explained to defense counsel on our January 18 call, we have not been able to contact Ms. Doe for a significant period of time and feel compelled to move to withdraw as her counsel.  That motion is forthcoming.  Thus, this letter responds to Defendants' motion only on behalf of Ms. Smith.

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

request that the Court allow us a short amount of additional time to confer and coordinate with Ms. Smith to ensure she is adequately prepared for her deposition.  We ask that she been given until **March 10, 2023** to appear.

Although Defendants seek in the first instance an order compelling Ms. Smith to appear for her deposition, they also purport to seek dismissal with prejudice in the event Ms. Smith fails to abide by any such order.  Such a request is unwarranted under the facts and circumstances of this case.

"[D]ismissal of an action with prejudice" is a "drastic remed[y], and should be applied only in extreme circumstances".  *Indep. Prods. Corp. v. Loew's, Inc.*, 283 F.2d 730, 733 (2d Cir. 1960).  Specifically, dismissal is only appropriate "when a court finds 'willfulness, bad faith, or any fault' on the part of the prospective deponent".  *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)); *see also Altschuler v. Samsonite Corp.*, 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (explaining that dismissal "serve[s] to punish litigants whose conduct is 'sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct'" (quoting *Urb. Elec. Supply & Equip. Corp. v. N.Y. Convention Ctr. Dev. Corp.*, 105 F.R.D. 92, 98 (E.D.N.Y. 1985))).  There is no evidence of willfulness, bad faith or fault on Ms. Smith's part—and Defendants do not argue otherwise.  Rather, Ms. Smith's circumstances have presented logistical challenges that have resulted in scheduling difficulties.  Accordingly, she should not be denied an opportunity to pursue relief.

Moreover, this is not a case in which the deponent has displayed a pattern of dilatory conduct, indifference or noncompliance.  Indeed, Ms. Smith has previously been available to assist in responding to discovery requests and has been an active participant in the strategy and development of this case.  *Cf. Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) ("[O]ver a span of approximately six months . . . Agiwal defied all of [the court's] orders . . . .  Even when the Magistrate Judge imposed a lesser sanction, Agiwal still failed to comply with any of defendant's discovery requests.").  The Second Circuit has held that courts should consider lesser alternative measures before entertaining dismissal, *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013), and Defendants have offered no justification for hurdling past those alternatives in this case.

Finally, to the extent that Defendants rely on Rule 41(b), such reliance is misplaced.  As the Second Circuit explained in *Salahuddin v. Harris*, 782 F.2d 1127 (2d Cir. 1986), "[t]he Supreme Court has held that Rule 41(b) cannot be applied" as an alternative justification for dismissal under Rule 37.  *Id.* at 1134.  Rather, a court's power to dismiss a complaint for discovery abuses "depends exclusively on Rule 37", such that "[t]here is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery".  *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207 (1958).  Should Defendants wish to seek dismissal under Rule 41(b), they must move the court for that specific relief, and they must satisfy the standard set forth under the rule.

Respectfully,

_/s/ David M. Stuart_
David M. Stuart


The Honorable Ona T. Wang
    United States District Court for the Southern District of New York
        Daniel Patrick Moynihan United States Courthouse
            500 Pearl Street, Room 20D
                New York, NY 10007

VIA CM/ECF

Copies to:

Assistant Attorney General Neil Shevlin
    New York State Office of the Attorney General
        28 Liberty Street, 15th Floor
            New York, NY 10005


Assistant Attorney General Andrew Blancato
    New York State Office of the Attorney General
        28 Liberty Street, 15th Floor
            New York, NY 10005

VIA CM/ECF