

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6359

June 16, 2023

**Via ECF**
Hon. Ronnie Abrams
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Jane Smith v. Annucci, et al.,
21-CV-01715 (RA)(OTW) [rel. 17-CV-07954 (RA)(OTW)]

Dear Judge Abrams:

This Office represents Defendants in this matter. I write to respectfully request that Plaintiff Mary Doe's lawsuit be dismissed, and that she be terminated as a Plaintiff, pursuant to Federal Rule of Civil Procedure 41(b), based on her continued failure to prosecute the action. For the reasons set forth below, the Rule 41(b) factors favor a dismissal of Plaintiff Doe's lawsuit with prejudice.

**Procedural Background**

Plaintiff Doe jointly filed this lawsuit with Plaintiff Jane Smith on February 26, 2021. This Office noticed Plaintiff Doe for a deposition to be taken on October 26, 2022, which was adjourned at her former attorney's ("Cravath") request. On January 4, 2023, this Office served a new deposition notice for Plaintiff Doe to be held on February 8, 2023. This deposition was also adjourned at Cravath's request on or about January 18, 2023 without a date for rescheduling. On January 26, 2023, Cravath moved this Court to withdraw as counsel for Plaintiff Doe, citing their inability to communicate with her since April 11, 2022, despite making several attempts. See Ukairo Decl., ¶ 8, ECF Doc. No. 180. This Court ordered that Plaintiff Doe's opposition to Cravath's motion be submitted by February 10, 2023. ECF Doc. No. 183. No opposition was submitted. This Court granted Cravath's motion to withdraw as attorney on March 6, 2023 and further ordered Plaintiff Doe to inform the Court by May 5, 2023 whether she is proceeding pro se or retaining new counsel. ECF Doc. No. 185. Plaintiff Doe has yet to respond.

**Dismissal of Plaintiff's Lawsuit is Warranted Under Rule 41(b)**

Plaintiff Doe's failure to advance this case and to comply with the Court's March 6, 2023 Order warrants dismissal pursuant to the Court's discretion provided by Fed. R. Civ. P. Rule 41(b). Pursuant to Rule 41(b), a district court is authorized to dismiss an action "[i]f the plaintiff fails to

prosecute or to comply with ... a court order." See Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc. 239 F.3d 206, 209 (2d Cir. 2001) ("it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute"). A district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution or failure to comply with a Court order pursuant to Fed. R. Civ. P. Rule 41(b). See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). "The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of a plaintiff in his duty to process his case diligently." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). A court considering dismissal under Rule 41(b) must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014).

Here, each of the Rule 41(b) factors referenced in Baptiste weigh in favor of dismissal. As to the first factor, Plaintiff Doe has had over 100 days to respond to the Court's March 6, 2023 Order and has failed to do so. All indications are that Plaintiff Doe stopped participating in this case nearly a year earlier, as the last contact they had with Cravath was April 11, 2022.

With regard to the second factor, Plaintiff was not specifically put on notice by this Court that her failure to comply with the March 6, 2023 Order would result in dismissal. However, this Court afforded Plaintiff Doe two different opportunities to communicate her involvement to the Court: when the Court allowed Plaintiff Doe until February 10, 2023 to oppose her attorney's motion to withdraw and to inform the Court by May 5, 2023 whether she would be proceeding with new counsel. In neither scenario has Plaintiff responded. It also bears mentioning that any additional opportunity afforded to Plaintiff Doe to litigate this matter would likely not reach her. As provided in the declaration submitted in support of Cravath's motion to withdraw, Plaintiff Doe's current address is unknown despite the assistance of two private investigators and Plaintiff has failed to respond to both emails and text messages for over a year. See Ukairo Decl., ¶¶ 8 - 16, ECF Doc. No. 180.

As to the third factor, the Court may presume that the Defendant is likely to be prejudiced with Plaintiff Doe's continued efforts to unnecessarily delay litigation. Fact discovery has now ended but Plaintiff Doe has failed to attend her deposition or provide responses to outstanding interrogatories, as acknowledged by Cravath. See Ukairo Decl., ¶ 17. Providing Plaintiff Doe additional opportunity to prosecute her action at this stage would almost certainly require extension of fact and expert discovery and dispositive motion deadlines. Further, the allegations in the operative complaint relate to alleged violations from over four years ago. At least four defendants have retired since this incident occurred and at least one additional defendant is expected to retire within the next month. Plaintiff Doe's continued delay without explanation prejudices the Defendants' ability to defend these aging claims. See Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving the[e] litigation forward.").

Next, the fourth factor requires the Court to "strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard."

<u>Alvarez v. Simmons Market Research Bureau, Inc.</u> 839 F.2d 930, 932 (2d Cir. 1988). Here, Plaintiff Doe has been offered ample time to provide an address and has been reminded of her duty to comply with court orders. Multiple attempts to contact her were also made by Cravath while they were still her attorney of record. Any allegation that Plaintiff Doe could make that she was not afforded proper due process in this matter is belied by the evidence. <u>Aybar v. City of New York</u>, No. 13 Civ. 0825, 2014 WL 4417110, at *3 (E.D.N.Y. Sept. 8, 2014) ("A court may find the standard for dismissal satisfied where it finds a 'pattern of dilatory conduct' or 'an action lying dormant with no significant activity to move it.'") (internal citation omitted). "Thus, even if the plaintiff's conduct has not had a significant effect on the court's calendar congestion '[p]laintiff's own failure to litigate this matter is not a denial of due process.'" <u>Henderson v. Annucci</u>, No. 14 Civ. 0445, WL 2267014, at *3 (W.D.N.Y. Apr. 26, 2017) (citing <u>Lee v. Green</u>, No. 10 Civ. 221, 2015 WL 5714234, at *4 (W.D.N.Y. Sep. 29, 2015)); see also <u>Dodson v. Runyon</u>, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Considering that allowing Plaintiff Doe additional time to contact the Court could require the extension of discovery deadlines, the fourth factor weighs in favor of dismissal as well.

Finally, the fifth factor also weighs in favor of dismissal of Plaintiff's lawsuit. All attempts to communicate with Plaintiff Doe over the past fourteen months have failed. Her physical address is unknown, and both her email address and her telephone number appear to be unreliable ways to communicate with her, according to Cravath. Any sanction short of dismissal is unlikely to be effective. Plaintiff Doe has never made a physical appearance in this matter nor has she ever signed a document demonstrating her engagement. Plaintiff Doe has simply never materially participated in this case, and an extension of time after several months have already been afforded to her by the Court is unlikely to prompt engagement.

Accordingly, all five factors weigh decisively in favor of the Court exercising its discretion to order dismissal of Plaintiff's Complaint with prejudice pursuant to Rule 41(b) for failure to prosecute. Cravath has been notified of this motion in advance and does not oppose.

Respectfully Submitted,

CC: Cravath, Swaine & Moore LLP (via ECF)
*Attorneys for Plaintiff Smith*
825 Eighth Avenue
New York, NY 10019
212-474-1000

/s/ *Andrew Blancato*
Andrew Blancato
Assistant Attorney General
Attorney for Defendants

Plaintiff Mary Doe shall respond to this letter no later than July 5, 2023. Failure to do so will result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

_____
Hon. Ronnie Abrams
June 20, 2023