UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANE SMITH, MARY DOE,

                       Plaintiffs,

   - against -

ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision, JASON EFFMAN, Associate Commissioner and PREA Coordinator for New York State Department of Corrections and Community Supervision, STEVEN MAHER, Chief of Investigations, Office of Special Investigations, New York State Department of Corrections and Community Supervision, CHRISTIAN NUNEZ, Deputy Chief of the Sex Crimes Division, Office of Special Investigations, New York State Department of Corrections and Community Supervision, JOHN SHIPLEY, Director, Bureau of Labor Relations, New York State Department of Corrections and Community Supervision, SABINA KAPLAN, Superintendent of Bedford Hills Correctional Facility, MICHAEL DAYE, Deputy Superintendent for Security at Bedford Hills Correctional Facility, ELAINE VELEZ, Assistant Deputy Superintendent and PREA Compliance Manager at Bedford Hills Correctional Facility, CAPTAIN A, Captain at Bedford Hills Correctional Facility, CAPTAIN B, Captain at Bedford Hills Correctional Facility, LIEUTENANT A, Lieutenant at Bedford Hills Correctional Facility, SERGEANT A, Sergeant at Bedford Hills Correctional Facility, SERGEANT B, Sergeant at Bedford Hills Correctional Facility, OFFICER A, Correctional Officer at Bedford Hills Correctional Facility, OFFICER B, Correctional Officer at Bedford Hills Correctional Facility, OFFICER C, Correctional Officer at Bedford Hills Correctional Facility, OFFICER D, Correctional Officer at Bedford Hills Correctional Facility, OFFICER E, Correctional Officer at Bedford Hills Correctional Facility, GRIEVANCE SUPERVISOR A, Grievance Supervisor at Bedford Hills

21-cv-1715 (RA-OTW)

**SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL**

1

| | |
|---|---|
| Correctional Facility, INVESTIGATOR A, | : |
| Investigator at Bedford Hills Correctional Facility, | : |
| | : |
| Defendants. | : |
| | : |
| ------------------------------------------------------------X | |

This SETTLEMENT STIPULATION, RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation"), made by and between Plaintiff, JANE SMITH ("Plaintiff Smith"), and ANTHONY J. ANNUCCI, JASON EFFMAN, STEVEN MAHER, CHRISTIAN NUNEZ, JOHN SHIPLEY, SABINA KAPLAN, MICHAEL DAYE, ELAINE VELEZ, CAPTAIN A, CAPTAIN B, LIEUTENANT A, SERGEANT A, SERGEANT B, OFFICER A, OFFICER B, OFFICER C, OFFICER D, OFFICER E, GRIEVANCE SUPERVISOR A, and INVESTIGATOR A, (collectively, "Defendants"):

WHEREAS, Plaintiff Smith and Plaintiff Mary Doe[1] commenced this action pseudonymously by filing a complaint on February 26, 2021 (the "Complaint") (Dkt. No. 1), in the United States District Court for the Southern District of New York, 21 Civ. 1715, against the above-listed Defendants, in the above-captioned action (the "Action") alleging, *inter alia*, that Defendants violated Plaintiff Smith's Constitutional rights by sexually harassing her throughout her period of incarceration at Bedford Hills Correctional Facility, including but not limited to on or around May 20, 2019, by sexually assaulting her on or around April 9, 2019, June 4, 2019 and June 5, 2019, and by exhibiting deliberate indifference to Plaintiff Smith's complaint of sexual assault and harassment and the pattern of sexual assault and harassment that occurred in DOCCS facilities prior to her assaults; and

---

[1] Plaintiff Doe's claims are not subject to this Settlement Stipulation, nor does counsel for Plaintiff Smith represent Plaintiff Doe, as of the date of this Settlement Stipulation. Defendants moved to dismiss Plaintiff Doe's claims for her failure to prosecute, which was granted by this Court on August 21, 2023 (Dkt. No. 204).

WHEREAS, Plaintiffs Smith and Doe filed an Amended Complaint, the Operative Complaint, on July 15, 2021 (Dkt. No. 85); and

WHEREAS, Defendants Annucci, Effman, Kaplan, Daye, Velez, Captain A, Captain B, Lieutenant A, Sergeant A, Sergeant B, Officer A, Officer B, Officer C, Officer D, Officer E, Grievance Supervisor A, and Investigator A filed an answer on November 30, 2021 (Dkt. No. 113); and

WHEREAS, Defendants Maher, Nunez, and Shipley moved to dismiss on November 30, 2021 Plaintiff Smith's claims as filed against them (Dkt. No. 114). The motion was denied on September 22, 2022 (Dkt. No. 163); and

WHEREAS, Defendants filed an Amended Answer on November 3, 2022 (Dkt. No. 173); and

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff Smith and Defendants (the "Parties") wish to fully resolve Plaintiff Smith's claims alleged in this Action, and any and all other related disputes and counteractions, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff Smith nor any of the Defendants is an infant or incompetent person; and no person not a party has an interest in the subject matter of the Action; and

WHEREAS, Plaintiff Smith and Defendants represent and warrant that, other than this Action, they have no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff Smith and Defendants hereby stipulate and agree as follows:

### 1. Dismissal of the Action with Prejudice

All claims asserted by Plaintiff Smith are hereby discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 below.

### 2. Payment to Plaintiff Smith

In full consideration of Plaintiff Smith's execution of this Settlement Stipulation, her agreement to be bound by its terms, and her undertakings as set forth herein including, but not limited to, the dismissal of her claims with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of One Hundred and Fifty Thousand Dollars ($150,000.00) to Plaintiff Smith, in full satisfaction of any and all claims, allegations or actions, direct or indirect, that Plaintiff Smith had, has, or may have against any and all of the named Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions involving or relating to the allegations asserted in the Action prior to, up to, and including the date of this Settlement Stipulation, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff Smith for any and all counsel who have assisted Plaintiff Smith or at any time represented Plaintiff Smith in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the conduct, acts, or omissions asserted in the Action as follows:

The State of New York, on behalf of Defendants, shall pay to Plaintiff Smith the sum of One Hundred and Fifty Thousand Dollars ($150,000.00), subject to any reservation for payment

to Medicare or other taxes, liens or setoffs as set forth in paragraphs 5-8 herein, and for which the New York State Office of the State Comptroller shall issue any appropriate Internal Revenue tax forms, in full and complete satisfaction of any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff Smith that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the conduct, acts, or omissions asserted in the Action. This payment is further issued in full and complete satisfaction of any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff Smith for any and all legal counsel who have at any time represented Plaintiff Smith in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the conduct, acts, or omissions asserted in the Action. A check in the amount of One Hundred and Fifty Thousand Dollars ($150,000.00) shall be drawn to the order of ▇▇▇▇▇▇▇ (A/K/A Plaintiff Smith), and forwarded to her at the address of her attorney, Cravath, Swain & Moore LLP, 825 Eighth Avenue, Worldwide Plaza, New York, NY 10019, c/o Rebecca Schindel, Esq.

### 3. State Approval of Payments Made on Behalf of Defendants

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation on behalf of Defendants is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff Smith agrees to promptly execute and deliver the Medicare Affidavit (*see infra*, paragraph 7) and any other documentation requested with respect to obtaining such approval and effectuating payment.

4. **Accrual of Interest of Payments Made on Behalf of Defendants**

In the event that payment of the settlement amount paid to Plaintiff Smith, as specified in Paragraph 2 of this Settlement Stipulation, has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General of a "So-Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to Plaintiff Smith and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

5. **Liability of Plaintiff Smith for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff Smith and that Plaintiff Smith shall have no claim, right or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff Smith agrees that she will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

6. **Liability of Plaintiff Smith for Liens and Setoffs**

Plaintiff Smith agrees that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff Smith shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that she will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

7. **Medicare Certification**

Plaintiff Smith acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards, or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as **Exhibit A**, to the Defendants. Plaintiff Smith acknowledges and understands that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amounts specified in Paragraph 2 of this

Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

## 8. **Liability of Plaintiff Smith for Any Medicare Payments and/or Liens**

Plaintiff Smith agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. Plaintiff Smith agrees to indemnify and hold the Defendants harmless should there be any claim for liens or any third party claims regarding the settlement funds and stipulate that in the event of any liens, claims, demands, and/or subrogated interests, the sole responsibility to satisfy any such liens, claims, demands and/or subrogated interests that may be asserted or that may in the future exist or be asserted is hers and not the Defendants.

If conditional and/or future anticipated Medicare payments have not been satisfied, Defendants, and/or the State of New York, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3, 4, and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

Plaintiff Smith acknowledges that this settlement is based upon a good faith determination of the Parties to resolve disputed claims. The Parties have attempted to resolve this matter in compliance with both state and federal law, and it is believed that the settlement terms adequately

consider and protect Medicare's interest and do not reflect any attempt to shift responsibility of past or future medical treatment to Medicare in contravention of 42 U.S.C. § 1395y(b). The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") on this settlement, or the Plaintiff Smith's eligibility or entitlement to Medicare or Medicare benefits, will not render the release contained in Paragraph 9 herein void or ineffective, or in any way affect the finality of this liability settlement.

## 9. Releases

In consideration of the payment of the sum recited in Paragraph 2 of this Settlement Stipulation, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff Smith, on behalf of herself, her heirs, executors, administrators, successors, and assigns hereby releases and forever discharges each of the Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), together with all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities from any and all claims arising out of conduct, acts, or omissions involving or relating to the allegations asserted in the Action prior to, up to, and including the date of this Settlement Stipulation.

## 10. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff Smith represents and warrants that she has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, in any court, against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on her own behalf and/or on behalf of any other person

and/or on behalf of or as a member of any alleged class of persons, that include claims arising out of conduct, acts, or omissions involving or relating to the allegations asserted in the Action prior to, up to, and including the date of this Settlement Stipulation, and that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 11. No Other Attorney

Plaintiff Smith and the undersigned *pro bono* counsel for Plaintiff Smith represent and warrant that no other attorneys have presented a lien for services rendered to Plaintiff Smith pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action. Plaintiff Smith agrees to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff Smith in the Action.

### 12. No Prevailing Party

Neither Plaintiff Smith nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13. Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14. Authority

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

## 15. Voluntary Agreement

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she, he, or it understands its terms, contents and effect. The parties hereto acknowledge that he, she, or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or anyone acting on behalf of such party.

## 16. No Admission of Liability

It is understood and agreed that any action taken, or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken, or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.

Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

## 17. No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18. Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges, and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 19. Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff Smith's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20. Waiver

Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any time or all times.

21. **Severability**

With the exception of Paragraphs 1, 2, 3, 8, 9, and 10 of this Settlement Agreement, if any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

23. **Effective Date**

The Effective Date of this Settlement Stipulation shall be upon the endorsement by the Court as indicated below, after the full execution of this Settlement Stipulation by the parties and their counsel, as set forth in the signature lines of this Settlement Stipulation.

24. **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

13

 a/k/a JANE SMITH

## ACKNOWLEDGMENT

On the 22 day of August 2023, before me came, Plaintiff, JANE SMITH, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

JESSICA M. CARLSEN
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA0004640
Qualified in New York County
Commission Expires March 31, 2027

14

Dated: New York, New York
      August __23__, 2023

                           LETITIA JAMES
                           Attorney General
                           State of New York
                           *Attorney for Defendants*

                           By: _____
                           Andrew Blancato
                           Assistant Attorney General
                           28 Liberty Street, 18th Fl.
                           New York, NY 10005
                           Tel.: 212-416-6359
                           Andrew.blancato@ag.ny.gov


Dated: New York, New York
      August 22, 2023

                           CRAVATH, SWAINE & MOORE LLP
                           *Attorneys for Plaintiff Smith*

                           */s/ Rebecca J. Schindel*
                           By:
                           Rebecca J. Schindel
                           Worldwide Plaza
                           825 Eighth Avenue
                           New York, NY 10019
                           Tel: (212) 474-1459
                           rschindel@cravath.com

**SO ORDERED:**

Dated: New York, New York
       August 25, 2023,

_____
           U.S.D.J.
      Hon. Ronnie Abrams